PEOPLE ex rel. SCHNEIDER, County Clerk, v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, First Department.   April 20, 1916.)

1. PARTIES ⬅1—INTEREST IN SUBJECT-MATTER.

The courts have no inherent power to right a wrong, unless thereby the civil, property, or personal rights of the plaintiff or petitioner are affected.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 1; Dec. Dig. ⬅1.]

2. MANDAMUS ⬅23(1)—PERSONS ENTITLED—COUNTY OFFICERS.

County officers may bring mandamus to compel the performance of duties over which they have supervision, or the performance of which is necessary to the performance of their own duties.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–58; Dec. Dig. ⬅23(1).]

3. MANDAMUS ⬅23(1)—PERSONS ENTITLED—COUNTY OFFICERS.

Where the comptroller refused to certify and audit the pay roll of clerks in a county clerk's office, the county clerk was not entitled to mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 55–58; Dec. Dig. ⬅23(1).]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of William F. Schneider, Clerk of the County of New York, against William A. Prendergast, Comptroller of the City of New York. From an order granting a peremptory writ, defendant appeals. Reversed, writ quashed, and proceeding dismissed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

E. Crosby Kindleberger, of New York City, for appellant.

James A. Donegan, of New York City, for respondent.

PAGE, J. Briefly stated, the facts, as set forth in the petition for the writ, are: The petitioner is the county clerk of the county of New York and the respondent is the comptroller of the city of New York. In the budget for the year 1916, prepared by the board of estimate and apportionment of the city of New York and duly adopted by the board of aldermen of the said city, there was included, for salaries for clerks in the office of the county clerk of New York county, an appropriation for 10 general clerks at $1,380 and 30 general clerks at $1,200. On January 16, 1916, Thomas J. McHiece, who held one of the 10 clerkships at $1,380 died, and to the position then made vacant William F. Schober, a general clerk at $1,200 per year, was promoted, and to the position thus made vacant Joseph E. Haiken was promoted; both promotions being made with the consent of the state civil service commission and in accordance with the Civil Service Law and the rules and regulations of said commission, both of these promotions to take effect at noon on January 16, 1916. The employés at that time entered upon the performance of the duties of their positions and have since continuously performed them. A pay roll was prepared, properly certified by a deputy county clerk and the state civil service commission, and duly transmitted to the comptroller of the city of New York for certification and audit. The pay roll contained the names of William F. Schober and Joseph E. Haiken, the positions they occupied, the length of time of service, and the salary which each was entitled to receive at the end of the month. The comptroller refused to certify and audit the items relating to the said William F. Schober and Joseph E. Haiken, and as a result they have not been paid their salaries.

[1-3] The right of the relator to maintain this proceeding is challenged. It is well settled that "the courts have no inherent power to right a wrong unless thereby the civil, property, or personal rights of the plaintiff in the action or the petitioner in the proceeding are affected." Schieffelin v. Komfort, 212 N. Y. 520, 529, 106 N. E. 675, L. R. A. 1915D, 485. It is also well settled that county officers may bring mandamus to compel the performance of duties over which they have supervision, or the performance of which is necessary to the performance of their own duties. In the instant case the county clerk is not charged with the supervision of the comptroller in his audit and certification of the pay roll. The county clerk's duty ends with his own certification thereof and transmitting it to the comptroller. Nor is the act of the comptroller necessary to the performance of any duty by the county clerk, as the money to pay the salaries is not payable to him, and to be disbursed by him to those shown to be entitled thereto by the pay roll audited and certified by the comptroller. The pay roll so audited and certified is transmitted to the city paymaster and the payments are made by him. Nor is it claimed by the county clerk that by reason of the failure to audit and certify the pay roll as to those two items he is prevented from performing any duty of his office. The only result of this failure is that Schober and Haiken have not been paid and have not received the salary to which the petition alleges each is entitled. The wrong, if any, is to Schober and

Haiken, and they, not being parties, would not be concluded by an adjudication in this proceeding.

The order should be reversed, the writ quashed, and the proceeding dismissed, without costs. All concur.