(174 App. Div. 118)

PEOPLE ex rel. DARE v. HOWELL, et al., Town Sup'rs.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

1. HIGHWAYS ⬤⟿93—CONSTRUCTION—OFFICERS—HOW CHOSEN—"THEREAFTER."

Highway Law (Consol. Laws, c. 25) § 40, provides for election of a town superintendent of highways, unless the town "shall have adopted, as provided in section 41, a resolution that thereafter the superintendent shall be appointed by the town board." Section 41 provides for ballot on a change to the appointive method. After the town had voted for appointive superintendent it voted to change to the elective method, and election was held pursuant thereto. Laws 1916, c. 48, legalizes, ratifies and confirms such action. *Held*, that the term "thereafter" in section 40 does not refer to unlimited time, but to direction, and in connection with Town Law (Consol. Laws, c. 62) § 43, subd. 13, may fairly mean that it shall remain in force until altered or repealed; and, the electors having under Const. art. 10, § 2, the power to elect, their original vote to appoint was not a renunciation thereof, and one elected after the second resolution was entitled to the office.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 304–307; Dec. Dig. ⬤⟿93.

For other definitions, see Words and Phrases, First and Second Series, Thereafter.]

2. HIGHWAYS ⬤⟿93—ELECTION OF SUPERINTENDENT—CURATIVE ACTS—VALIDITY.

The curative act (Laws 1916, c. 48) in aid of the regular election of the highway superintendent is valid and constitutional, since it confirms and ratifies an election, but does not attempt to substitute the choice of Legislature.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 304–307; Dec. Dig. ⬤⟿93.]

3. MANDAMUS ⬤⟿100—GROUNDS—EXISTENCE OF OFFICIAL DUTY.

The court may, by mandamus, direct the performance of an obligatory duty of the town board to apportion expenses under Highway Law, § 105.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 205–210; Dec. Dig. ⬤⟿100.]

4. MANDAMUS ⬤⟿77(1)—WHO ENTITLED TO WRIT—EXISTENCE OF OFFICIAL DUTY.

One presenting the public record of his election is both de facto and de jure in office, and may maintain mandamus for the enforcement of his right to office.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 161–163, 166, 168, 169; Dec. Dig. ⬤⟿77(1).]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Suffolk County.

Mandamus by the People, on the relation of Clarence E. Dare, against Riley P. Howell, Everett M. Price, and others, Supervisors of the Town of Brookhaven. From an order that the writ issue, Price and the others appeal. Affirmed.

See, also, 160 N. Y. Supp. 962.

This appeal is by five members of the town board of the town of Brookhaven, Suffolk county, from an order of the Special Term, entered in the Suffolk county clerk's office on April 29, 1916, directing a peremptory writ of mandamus to issue, commanding the town board to reconvene and meet with Clarence E. Dare, as the town superintendent of highways, and to enter into an agreement with such superintendent pursuant to the terms of section 105 of the Highway Law (Consol. Laws, c. 25). This involved a question of disputed title to the office of superintendent of highways in the town of Brookhaven. The Highway Law (section 40) provided for electing a town superintendent of highways at the biennial town meeting next after the statute took effect, unless the town "shall have adopted as provided in section forty-one a resolution that thereafter the town superintendent shall be appointed by the town board." Section 41 provided for a vote by ballot by the town at a special or biennial town meeting on the change to appointing a town superintendent in such town. "If such proposition be adopted, the town board of the town shall, upon the expiration of the term of office of the elected town superintendent, appoint a town superintendent therefor, who shall take and hold office for the term hereinafter prescribed."

There was submitted to the electors of Brookhaven at the biennial town meeting held April 1, 1909, a resolution that the town superintendent of highways of the town of Brookhaven be thereafter appointed by the town board, which was carried. In the year 1911, Mr. I. Willetts Gardner was so appointed by the town board, as town superintendent of highways, who qualified and, on November 1, 1911, entered upon the duties of that office. He was again so appointed and duly qualified for the two-year term ensuing, ending on October 31, 1915.

In accordance with a petition for the election of a town superintendent of highways, a resolution was submitted to the people at the biennial election of April, 1913: "That the town superintendent of highways of the town of Brookhaven be hereafter elected by the people in place of being appointed by the town board." This was passed by a vote of 1726 to 568.

In March, 1915, the opposing political parties made nominations for the office of town superintendent of highways. At the biennial town election held April 6, 1915, Clarence E. Dare, relator, received 2,005 votes, James H. Hopkins, 1,706, and William H. Hedges, 47. The relator was accordingly declared elected, and received the certificate of election, and thereafter qualified as such.

However, the town board failed to recognize the relator's election, but instead attempted to reappoint Mr. Gardner as town superintendent of highways for the term ending October 31, 1917; six members of the town board so voting, and four members declining to vote on the ground that there was no vacancy in that office.

The same division of the town board has continued as to appointment of the deputy superintendent of highways, also as to approving the list of highway foremen submitted by Mr. Gardner.

On March 15th last, by Laws of 1916, c. 48, the Legislature declared that the action of the voters of the town of Brookhaven in town meetings in such town in April, 1913, and April, 1915, "for the election of town officers, including the proposition to elect, and the election of a town superintendent of highways, at either or both such town meetings, is hereby legalized, ratified and confirmed notwithstanding any defect or irregularity in any such action or proceeding or the omission of any legal requirement, or the lack of any statutory authority to do or perform any of the acts done or performed, and the superintendent of highways elected by a majority of the voters of such town at the town meeting called for and held on the first Tuesday

after the first Monday in April, nineteen hundred and fifteen, is hereby declared to be the legal superintendent of highways of such town, charged with all the duties and responsibilities and entitled to all the privileges, pay, salary and emoluments of such office, as provided by law." Notwithstanding this curative statute, the town board at its meeting of March 28, 1916, did not recognize relator as such superintendent. The relator presented a form of agreement under Highway Law, § 105, to such town board, who declined to enter into the same, by a tie vote, those opposing having publicly explained their negative votes as cast for the purpose of testing the constitutionality of this act of March 15th.

The relator petitioned for a writ of mandamus on March 29, 1916, which petition the appellants answered April 6th following, and the matter was heard on April 7th at Special Term, and resulted in the order for mandamus. From this order certain members of the town board have taken this appeal.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

John R. Vunk, of Patchogue, for appellants.
Joseph T. Losee, of Patchogue, for relator-respondent.
George H. Furman, of Patchogue, for defendants-respondents.

PUTNAM, J.   [1, 2] The term "thereafter" in Highway Law, § 40, in the proposition that the office of superintendent be appointive, does not necessarily refer to unlimited time. It indicates the direction in time to which the context refers. Dobbins v. Cragin, 50 N. J. Eq. 640, 648, 23 Atl. 172. Taken in connection with Town Law, § 43, subdivision 13, it may fairly mean that such action should "remain in force until the same shall be altered or repealed at some subsequent town meeting." Furthermore, the section declared that such appointed superintendent "shall take and hold office for the term hereinafter prescribed," which term by section 42 is .declared to be two years. No express provision appears for continuing such appointive terms. The Legislature gave the town the right to have an appointed superintendent during a two-year term; but such authority we think did not keep and perpetuate the office as an appointive one beyond the voting power of the town to return to the elective system. Such a vote to appoint should not be deemed a renunciation of the constitutional power thereafter to fill such office by the electors of the town at a biennial election. Const. art. 10, § 2. We also think that the curative act of March 15, 1916, was valid and constitutional, since it confirmed and ratified an election by the town authorities. It did not attempt to substitute an election by the Legislature for one by the qualified town electors. The other objections to its constitutionality are without merit.

[3, 4] As the meeting under Highway Law, § 105, is obligatory, so that the road funds may be properly divided by concurrence of the superintendent with the town board, the court by mandamus could properly direct that the town board perform its imperative duty to recognize relator, as the lawfully elected superintendent of highways, and to take the joint action required. 26 Cyc. 250. Relator, having the public record of his election, was both de facto and de jure in office, and entitled to this remedy against Mr. Gardner and the officials of the town.

I advise to affirm, with $10 costs and disbursements. All concur.