## PEOPLE ex rel. DARE v. GARDNER.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

Appeal from Special Term, Suffolk County.

Mandamus by the People, on the relation of Clarence E. Dare, against I. Willetts Gardner. From an order granting the writ, defendant appeals. Affirmed.

See, also, 160 N. Y. Supp. 959.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, STAPLETON, PUTNAM, and MILLS, JJ.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on authority of People ex rel. Dare v. Howell, 160 N. Y. Supp. 959, decided herewith.

---

(97 Misc. Rep. 169)

## JOHNSTON v. FLICKINGER.

(Supreme Court, Trial Term, New York County. October 4, 1916.)

1. FRAUDS, STATUTE OF ☞44(4)—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—ASSUMPTION OF RENT.

Where a lease, the subject of a mortgage, contained a clause against assignment, but not against mortgaging, and the unexpired term was for more than one year, an agreement by the purchaser at foreclosure sale of the mortgage with the lessor assuming the payment of rent, is within the statute of frauds, and must be in writing.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 66; Dec. Dig. ☞44(4).]

2. LANDLORD AND TENANT ☞76(2)—COVENANT NOT TO ASSIGN LEASE—MORTGAGE.

The mortgage of a lease and its subsequent sale under the mortgage constitute no breach of the covenant of the original lessee not to assign.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 228; Dec. Dig. ☞76(2).]

3. LANDLORD AND TENANT ☞76(3)—ASSUMPTION OF RENT—CONSIDERATION.

An agreement by the purchaser at the foreclosure sale of a mortgaged lease containing a clause against assignment, but not mortgaging, assuming payment of rents on consideration of the lessor's consent to assignment to him, is without consideration.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 229, 230; Dec. Dig. ☞76(3).]

4. LANDLORD AND TENANT ☞76(1)—PRIVITY OF ESTATE—TERMINATION BY ASSIGNMENT.

A person who has become tenant of another through sale on foreclosure of a mortgaged lease containing a covenant against assignments can terminate the privity of estate between him and his landlord by assigning to a third party, if he has not assumed the covenant of the lease against assignment.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 225–227; Dec. Dig. ☞76(1).]

Action by Caroline H. Johnston against J. Willis Flickinger. Judgment dismissing the case on the merits.

Curtis, Mallet-Prevost & Colt, of New York City, for plaintiff.
Katz & Sommerich, of New York City, for defendant.