scrapers, plows, etc., used by the town in working upon the highways and then in his possession.

*John R. Vunk* for appellant.

*Joseph T. Losee* for respondent.

Order affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE E. DARE, Respondent, *v.* RILEY P. HOWELL, as Supervisor of the Town of Brookhaven, et al., Respondents, and EVERETT M. PRICE et al., as Justices of the Peace, Constituting Members of the Town Board of the Town of Brookhaven, Appellants.

*People ex rel. Dare* v. *Howell,* 174 App. Div. 118, affirmed.
(Argued January 12, 1917; decided January 30, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 10, 1916, which affirmed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendants to reconvene and meet with Clarence E. Dare, as town superintendent of highways, and enter into an agreement, pursuant to the provisions of section 105 of the Highway Law of the state of New York. The petitioner, Clarence E. Dare, claims to have been duly elected town superintendent of highways of the town of Brookhaven at the biennial town election held on the 6th day of April, 1915. He also claims that by an act of the Legislature, adopted on or about the 15th day of March, 1916; and known as chapter 48 of the Laws of 1916, his election was legalized, validated and confirmed. Section 105 of the Highway Law requires that, before moneys raised for the improvement of the highways in the various towns of the state shall be expended, the places where and the manner in which such moneys shall

38

be expended shall be agreed upon by the town superintendent of highways and the town board, and a written agreement for the expenditures of such moneys shall be executed and approved by the state highway commission. The petition shows the above facts relied upon by the petitioner, and also, in effect, states that the defendants, who now appeal, had refused and neglected to enter into such an agreement.

*John R. Vunk* for appellants.

*Joseph T. Losee* for relator, respondent.

*George H. Furman* for defendants, respondents.

Order affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSALIE WEISER, Appellant, *v.* ST. GEORGE B. TUCKER et al., Comprising the Board of Assessors of the City of New York, Respondents.

*People ex rel. Weiser* v. *Tucker*, 175 App. Div. 976, affirmed.
(Argued January 15, 1917; decided January 30, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 15, 1916, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the board of assessors of the city of New York to estimate the damages occasioned to real property of relator by reason of a change of grade. The claim was duly presented to the board and evidence was offered in support of it. After consideration the board dismissed the claim on the expressed ground that it is "not within the provisions of section 951 of the Greater New York charter on which the claim is based." The specific defect in the case which, it was held, excluded