In the Matter of the Application of SMITH and Others, Petitioners, for a Peremptory Order of Mandamus against JOHN F. HYLAN and Others, Constituting the Board of Estimate and Apportionment of the City of New York, Defendants.

Supreme Court, Richmond County, December 24, 1924.

Municipal corporations — peremptory mandamus to compel board of estimate and apportionment of city of New York to include salaries of staff of Supreme Court Library as fixed by trustees in budget for 1925 — said trustees have right to maintain proceeding.

The trustees of the Supreme Court Library of Richmond county have the right to maintain a mandamus proceeding to compel the board of estimate and apportionment of the city of New York to amend the budget of said city for the year 1925 so as to include the salaries of the staff of said library as fixed

by said trustees, and are entitled to a peremptory order of mandamus compelling such action, where it appears that said trustees are required to institute such proceedings as may be necessary to compel the enforcement of the statutory provisions for raising necessary funds to carry out the provisions of the statute creating the library. The members of the library staff, having rendered no service, cannot be made parties to the proceeding.

APPLICATION for peremptory order of mandamus.

*L. W. & A. B. Widdecombe* [*L. W. Widdecome* of counsel], for the petitioners.

*George P. Nicholson, Corporation Counsel* [*Thomas W. A. Crowe, Assistant Corporation Counsel*], for the defendants.

HAGARTY, J.:

The trustees of the Supreme Court Library, Richmond County, move for a peremptory order of mandamus compelling the board of estimate and apportionment of the city of New York to amend the city's budget for the year 1925, to include the salaries of the staff as fixed by the petitioners for the year 1925, and requiring the defendants to provide therefor the necessary funds. It is provided by section 1180-c of the Education Law (as added by Laws of 1919, chap. 296) that the Supreme Court Library, Richmond County, shall be under the management of a board of trustees, who shall employ and appoint librarians; that the said board shall yearly " ascertain the amount necessary for the aforesaid purposes and certify it to the board of estimate and apportionment of the city of New York. The amount so certified shall be a charge against the county of Richmond and shall be raised by tax to be levied in the same manner as the tax for other county charges in such city, under the provisions of the Greater New York charter." The petitioners appointed members of the library staff, fixed their salaries, and complied with the provisions of the law quoted. Thereupon it became the duty of the defendants to provide in the budget for the salaries as fixed by the petitioners. (*People ex rel. Cropsey v. Hylan,* 199 App. Div. 218; affd., 232 N. Y. 601; *People ex rel. O'Loughlin* v. *Prendergast,* 219 id. 377; *Matter of Flaherty* v. *Craig,* 226 id. 76, 79; *People ex rel. Noble* v. *Hylan,* N. Y. L. J. Dec. 16, 1924.)

The defendants raise but one question upon this motion, that is, the right of the library trustees to maintain this proceeding. They contend that the proceedings should have been instituted, not by the trustees, but by the members of the library staff, and in support of their contention cite the case of *People ex rel. Schneider* v. *Prendergast* (172 App. Div. 215). That case held merely that a county clerk is not entitled to a peremptory writ [order] of mandamus

to compel the comptroller of the city of New York to certify and audit salaries of certain employees in his office, where the county clerk's duty ends with his own certification and transmission of the payroll to the comptroller, and he has no supervision of the audit and certification thereof, and it is not claimed that he is prevented from performing any duty of his office by reason of the failure of the comptroller to audit and certify the payroll. The salaries in question were for services rendered and certified in the payroll before the proceedings were begun. The wrong, if any, was to the clerks, and, since they were not made parties, would not be concluded by an adjudication in that proceeding. The situation in the case before me is entirely different, since the members of the library staff have rendered no service, have earned no salaries, and could not be a party to this or to any other proceeding at this time. It is not only the right but the duty of the petitioners, under the law, to institute such proceedings as may be necessary to compel the enforcement of the statutory provision for the raising of the necessary funds to carry out the provision of the law creating the library. Motion granted, with costs.