In the Matter of the Application of LAWRENCE KINNEY, Petitioner, for an Order of Mandamus against F. LESTER NARES and Others, Respondents.

Supreme Court, Ontario County, May 15, 1925.

Civil service — vacancy in office — peremptory mandamus to compel payment of petitioner's salary as patrolman in police department of city of Geneva — petitioner performing duties of police chief of said city pursuant to direction of police commissioners pending appointment to fill vacancy — petitioner does not claim promotion from policeman to police chief — detail of petitioner by superiors not violative of Civil Service Law, § 20, or civil service rules of city of Geneva, § 36, subd. 5, in absence of overt intent to evade statute — petitioner entitled to payment of salary as patrolman — alternative mandamus order inappropriate in absence of question of fact.

Petitioner, a patrolman in the police department of the city of Geneva performing the duties of police chief of said city, pursuant to the direction of the police commissioners thereof, pending an appointment to fill a vacancy in the office of police chief, is entitled to a peremptory order of mandamus compelling the payment of his salary as patrolman in said department, where it appears that the detail of the petitioner to the office of police chief was not intended as a promotion, nor as an attempted promotion, and in the absence of an overt intent to evade section 20 of the Civil Service Law or subdivision 5 of section 36 of the Civil Service Rules of the city of Geneva, said detail is not violative of any statute. In the absence of a question of fact, an alternative order is not appropriate.

APPLICATION for order of mandamus to compel the payment of petitioner's salary as patrolman in police department of city of Geneva.

Supreme Court, May, 1925. [Vol. 125

*Arthur J. Hammond,* for the petitioner.

*A. W. Skinner* [*Daniel Moran* of counsel], for the respondents.

SAWYER, J.:

Petitioner is a patrolman in the police department of the city of Geneva. The office of chief of police of that city has become vacant and, pending an appointment to fill such vacancy, petitioner was directed by the police commissioners, who are, under the governing law of the city, in control of the department, to perform the duties incident to that office. The absolute necessity for the performance of those duties by some one must be conceded. The detail of petitioner for that purpose was not intended as a promotion nor an attempted promotion to the office of chief of police, nor does he claim such promotion. He has remained a patrolman, entitled to pay as such, but obliged to perform any police duty which his superiors may demand of him, refusal of which would subject him to removal from his position.

The defendants, as civil service commissioners of that city, have refused to make the certificate required by law as a prerequisite for the payment of his salary, so that since the first ten days of February, 1925, there has been withheld from him his patrolman's pay. His remedy is, under the provisions of section 20 of the Civil Service Law, by mandamus. Defendants rely for justification upon the claim that petitioner has been assigned to perform the duties of chief of police in violation of section 20 of the Civil Service Law as amended by Laws of 1914, chapter 67: " If the state civil service commission or any municipal civil service commission shall find that any person has been transferred, assigned to perform duties or reinstated in violation of any provision of the civil service law or of the rules adopted thereunder, it shall so notify the comptroller or other fiscal officer of the state or of the appropriate civil division or city thereof and thereafter such officer shall not draw, sign or issue or authorize the drawing, signing or issuing of any warrant on the treasurer or other disbursing officer for the payment of salary or compensation to any such person," and of paragraph 5 of section 36 of the civil service rules of the city which provides: " Upon satisfactory evidence that, with intent to evade the provisions of the law or of these rules, any person appointed to or employed in any position of the classified service has been assigned to perform duties other than those for which he was examined and certified, or any title not appropriate to the duties to be performed, the Commission may refuse certification of such person for payment or compensation, and remove his name from the official roster." Subdivision 5 of section 36 specifically limits its application to cases where there is an

overt intent to evade the provisions of that law and the quoted portion of section 20 of the Civil Service Law has the same, and no other, object. Both provisions are intended to prevent violations of law; they are not intended to prevent public officials from performing their duties nor to leave an important city department without power to function; much less are they intended as a pitfall for a minor public servant called upon to obey the orders of his lawful superiors.

Petitioner, while in grade a patrolman, *is a part of the police system and may be detailed to perform any duty connected therewith,* although he cannot be promoted either in rank or pay except in the manner provided by law. The distinction between either an emergency or a routine detail, and a promotion or an " assignment to perform duties," is too apparent to need argument. Practically the same situation as here presented was before the court in *People ex rel. Bedford* v. *McWilliams* (56 Misc. 296); *Stone* v. *N. Y. Civil Service Commission* (63 App. Div. 273), and *Matter of Doyle* v. *Knox* (67 id. 231), when it was consistently held that the duty of a civil service commission concerned only the proper appointment of public servants; that as to when or where or how their duties were performed was a responsibility resting entirely upon their immediate superiors. These cases were decided before the amendment to section 20 of the Civil Service Law, above quoted (Laws of 1914, chapter 67), but as has been said that amendment goes no further than to extend their power to cases involving actual and intentional avoidance of the statute by irregular appointment or promotion.

No dispute of fact is presented by the papers. Matters which defendants claim to be disputed facts are but mere conclusions. It is true that petitioner in performance of his duties has mistakenly signed himself to be acting chief of police, but the facts are not thereby altered any more than they are by defendants' allegation that petitioner has usurped that office. He has only engaged in police duty agreeably to the directions of his superiors and should be protected instead of punished therefor. No question of fact being involved an alternative order is not appropriate. Let peremptory order be entered.