In the Matter of the Application of ANDREW H. HISCOX, as Town Superintendent of Highways of the Town of Greenport, Columbia County, New York, Respondent, for a Mandamus Order against RICHARD HOLMES, as Supervisor of the Town of Greenport, Columbia County, New York, Appellant.

Third Department, November 25, 1932.

*Coffin, Coffin & Inman* [*George C. Inman* of counsel], for the appellant.

*Herzberg & Garrison* [*R. Monell Herzberg* of counsel], for the respondent.

CRAPSER, J.   On the 16th day of June, 1932, the town superintendent of highways presented to the supervisor two orders, bearing Nos. 42 and 43, respectively, directing the payment of forty-two dollars and fifty-two cents to John Fitzgerald and the sum of thirty-nine dollars and two cents to Frank H. Hiscox. Said orders were drawn against the miscellaneous fund, being moneys levied and collected for the removal of obstructions caused by snow and for other miscellaneous purposes. The orders were for cutting brush and grading park.

The supervisor had on hand in that fund a sum sufficient to pay the items of said orders, but refused to pay the orders for the reason that employment of the said persons upon the highways had not been approved by the town board as required by subdivision 4 of section 47 of the Highway Law.

The words " subject to the approval of the town board," contained in subdivision 4, refer to the provisions in regard to the maintenance and repair of the highways and not to the employment of persons. The town superintendent has full authority over the persons that he shall employ subject to the requirement that he shall file a list of names with the compensation paid to each in the office of the town clerk. With this provision he has complied and the refusal of the supervisor to pay these particular orders is without warrant or sustaining authority in the law and the above orders should be paid.

On the sixteenth day of May the town superintendent of highways presented to the supervisor two orders, Nos. 108 and 107, directing, respectively, the payment of the sum of seven dollars to Frank H. Hiscox and the sum of twenty dollars and twenty-five cents to David Whitbeck for labor upon the highways, and on the 1st of June, 1932, the town superintendent presented to the supervisor order bearing No. 109 for work performed on the highways. These orders were drawn against funds in the supervisor's hands known as highway funds, being the moneys levied and collected for the repair and improvement of highways, including sluices, culverts, bridges, etc., as provided by sections 101 and 103 of the Highway Law.

The supervisor had sufficient funds on hand for the payment of said orders but refused to pay said orders upon two grounds: *First.* That the employing of said men had not been approved as required by section 47 of the Highway Law. This objection has already been held not to be good in regard to the other orders and is not good in regard to any orders. The supervisor further refused to pay these orders on the ground that no agreement had been made between the town board and the town superintendent of highways for the expenditure of highway funds as required by section 105 of the Highway Law. Section 105 of the Highway Law provides for expenditures for repair and improvement of highways including sluices, culverts and bridges having a span of less than five feet and board walks or renewals thereof and the moneys received from the State as provided by sections 101 and 103 shall be expended for the repair and improvements of such highways, sluices, culverts, bridges and walks at such places and in such manner as may be agreed by the district or county superintendent of highways, the town board and the town superintendent. Such agreement shall be in writing

and signed in duplicate by the majority of the members of the town board and by the town superintendent and shall be approved by the district or county superintendent of highways before the same shall take effect.

The agreement for the expenditure of these highway funds as required by section 105 had never been entered into and, therefore, the supervisor was justified in refusing to pay orders Nos. 107, 108 and 109 until the agreement provided for by section 105 had been made.

If the town board refused to meet for the purpose of dividing up the road funds according to the scheme provided by section 105, any person aggrieved had the right to apply for a mandamus to compel them to do so, and such an order should have been sought before the order for mandamus to compel the supervisor to pay the above orders. (*People ex rel. Dare* v. *Howell*, 174 App. Div. 118; affd., 220 N. Y. 593.)

The order appealed from should be affirmed in reference to orders Nos. 42 and 43, respectively directing the payment of forty-two dollars and fifty-two cents to John Fitzgerald and the sum of thirty-nine dollars and two cents to Frank H. Hiscox, which orders are drawn against the miscellaneous fund, and should be reversed as to orders Nos. 108 and 107, directing, respectively, the payment of seven dollars to Frank H. Hiscox and the sum of twenty dollars and twenty-five cents to David Whitbeck, and order No. 109 directing the payment of four dollars and fifty cents to David Whitbeck, which orders were drawn against the highway fund in the supervisor's hands, with costs to the respondent.

VAN KIRK, P. J., HINMAN, HILL and RHODES, JJ., concur.

Order affirmed as to orders numbered 42 and 43, and reversed on the law as to orders numbered 107, 108 and 109, with costs to the respondent.