## (May 25, 1939.)

In the Matter of HOWARD L. MONTGOMERY, an Attorney, Respondent.— The respondent Howard L. Montgomery is suspended for the period of three months from the date of the entry and service of a certified copy of the order to be entered hereon, and until the further order of the court, and the said respondent Howard L. Montgomery is hereby commanded during such time to desist and refrain from the practice of law in any form, whether as principal or agent, clerk or employee of another, and is hereby forbidden to perform any of the following acts for compensation or reward, to wit: 1. To practice as an attorney or counselor at law before any court, judge, justice, board, commission, or other public authority. 2. To give to another an opinion as to the law or its application or any advice in relation thereto. The court does not adopt the recommendation of the referee that the respondent Howard L. Montgomery be censured only; and finds that the respondent Howard L. Montgomery is guilty of unprofessional conduct and conduct prejudicial to the administration of justice. All concur, except Crapser, J., who dissents and votes for disbarment on the ground that the large number of charges, over ten in number, against the respondent establishes beyond a reasonable doubt his unfitness to be a member of the legal profession.

HAROLD MAAS and Others, as Trustees for the LAKE HUNTINGTON VOLUNTEER FIRE DEPARTMENT OF LAKE HUNTINGTON, Respondents, v. EDWARD DERMODY, as Supervisor of the Town of Cochecton, Appellant.— Such rights as plaintiffs have to the moneys for which this judgment has been obtained against defendant as supervisor of the town of Cochecton arise under section 185 of the Town Law. The proper remedy was not a common-law action but a proceeding under article 78 of the Civil Practice Act, which possibly should have been preceded by audit of the claim by the town board. (*Matter of DeAngelis* v. *Laino*, 260 N. Y. 661; *Matter of Hart* v. *Perkins*, 258 id. 61; *People ex rel. McCabe* v. *Matthies*, 179 id. 242; *Matter of Hiscox* v. *Holmes*, 237 App. Div. 240; *Fabric Fire Hose Co.* v. *Town of Whitestown*, 187 id. 118; *Matter of Attorney-General* v. *Taubenheimer*, 178 id. 321.) Judgment reversed, on the law and facts, with costs, and complaint dismissed, with costs. All concur, except Bliss, J., who dissents.