ANTHONY E. MAGLIO, Appellant, *v.* CITY OF NEW YORK, Respondent.

Second Department, December 27, 1961.

198

*Solomon A. Klein* for appellant.

*Leo A. Larkin, Corporation Counsel (Seymour B. Quel* and *Fred Iscol* of counsel), for respondent.

CHRIST, J. The order under review granted the defendant city's motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice, and denied plaintiff's motion for summary judgment, pursuant to rule 113 of said rules.

Plaintiff, a City Magistrate, seeks to be reimbursed for counsel fees allegedly incurred in a proceeding to remove him from office. The basis of his claim is section 93d–2.0 of the Administrative Code of the City of New York, which reads in pertinent part as follows: '' The comptroller, with the approval of the board of estimate, is authorized to audit and allow, as charges against the city, the reasonable costs, counsel fees and expenses paid or incurred, or which shall hereafter be paid or incurred by any commissioner, city magistrate or justice of the municipal court who shall have been a successful party in any proceedings or trial to remove him from office ''.

The principal issue presented on this appeal is whether plaintiff was '' a successful party '' within the meaning of this section of the code.

Admittedly, plaintiff was not removed from office, albeit he was found guilty of conduct inconsistent with the fair administration of justice, and was censured by this court (*Matter of Murtagh* v. *Maglio,* 9 A D 2d 515).

The charges against plaintiff, although they did not specifically request his removal, nevertheless were brought pursuant to section 162 of the New York City Criminal Courts Act. This section provides that '' A justice, city magistrate or chief clerk may be removed for cause after due notice and an opportunity of being heard by the appellate division of the supreme court within the judicial department where such justice, city magistrate or chief clerk resides.''

The complaint in this action alleges that the Chief City Magistrate, at the request of the Mayor, filed charges with the Presiding Justice of this court for the removal of plaintiff as a Magistrate pursuant to section 162 of the New York City Criminal Courts Act.

The complaint further alleges that plaintiff retained counsel to defend him both before the Referee who was appointed by this court to take proof and report and before this court in all the proceedings here incident to said charges; that the Referee did not recommend removal but censure; that this court confirmed the Referee's findings and accepted the recommendation

of the Referee; that plaintiff was not removed, although he was censured; that the temporary suspension of plaintiff, *pendente lite,* was terminated; that plaintiff's counsel has submitted a bill in the amount of $35,000 for which plaintiff has made claim against the city; that plaintiff has requested the City Comptroller to audit and allow the claim pursuant to said section 93d–2.0 of the Administrative Code of the City of New York; that plaintiff was examined by the Comptroller; and that thereafter the claim was disallowed.

The city in its answer admits the filing of charges as alleged, admits that plaintiff's claim for counsel fees has been disallowed, and then sets up two affirmative defenses.

The first defense pertains to a certain criminal case which was before the plaintiff as a Magistrate. In this defense it is alleged that the Referee found: " ' the Chief Magistrate was warranted in making the charge that the Respondent proceeded on his own motion to reduce the charge of possessing a gun as a felony against all of the defendants and proceeded to reduce the felonious assault charge without an examination of witnesses under oath; and that the Chief Magistrate was also warranted in making the charge that the Respondent curtly refused to explain to the police officer complainant why the felonious assault charge was reduced and did unfairly berate the officer when he called the officer to the Bench.' " It is further alleged that this court confirmed the Referee's report, including the recommendation of censure; and that this court did censure the plaintiff, who, although not removed, was not successful, since he was found guilty of some of the charges and was censured.

The city in its second affirmative defense alleges that the fees in question are excessive, and that section 93d–2.0 of the Administrative Code is permissive and not mandatory.

Annexed to the city's answer as exhibits are the following documents: Exhibit " 1 ", which is the letter of the Chief City Magistrate to the Presiding Justice of this court in which the plaintiff was charged with conduct unbecoming a judicial officer pursuant to section 162 of the New York City Criminal Courts Act, and the specifications of such charges; Exhibit " 2 ", which is the Referee's report to this court; Exhibit " 3 ", which is the *Per Curiam* opinion of this court affirming the report of the Referee and finding that censure is warranted; and Exhibit " 4 ", which is the order of this court censuring the plaintiff.

While the petition was not one for censure but for removal, this court found that plaintiff's conduct deserved criticism and censure, though it did not call for his removal. It is argued by

plaintiff that since he was not removed from office, he was successful. We do not agree with that contention.

The fact that plaintiff was spared the extreme penalty of removal does not detract from the gravity and effect of the finding by this court that he was guilty of conduct inconsistent with the fair administration of justice. Only by means of a play on words can it be said that plaintiff was successful.

Plaintiff, while acting as a Magistrate in a criminal case brought before him, based on a charge of a felony gun assault upon a police officer, reduced such charge to a misdemeanor without holding a formal hearing or taking testimony under oath, and only upon the motion of the attorney for the defendants in that case. When the complainant police officer requested an explanation, plaintiff curtly refused to give one; and further, when the officer returned to the courtroom at plaintiff's request, plaintiff berated him for his attitude.

This court found that such conduct on the part of the plaintiff was so inconsistent with the fair administration of justice as to warrant a reprimand in the nature of a censure. As a necessary corollary, this court also found plaintiff's conduct to be wrong and the action of the Chief Magistrate in bringing the charges to be completely justified.

Moreover, the conditions of the statute (Administrative Code, § 93d–2.0), which would make the city liable for counsel fees, have not been fulfilled. A prerequisite to recovery against the city is an audit and allowance of the claim by the Comptroller and the approval of the Board of Estimate. In the case at bar, the Comptroller disallowed the claim and the Board of Estimate never considered or acted upon it.

We conclude that, in any event, the proper remedy was not a common-law action but a proceeding under article 78 of the Civil Practice Act to review the action of the Comptroller in disallowing plaintiff's claim (*Maas* v. *Dermody*, 257 App. Div. 898, and cases therein cited).

Accordingly, the order of Special Term should be affirmed, with $10 costs and disbursements to the city.

PETTE, J. (dissenting). I dissent and vote to reverse the order, to deny the city's motion for judgment on the pleadings, and to grant the plaintiff's motion for summary judgment.

When the original petition against plaintiff in this court charged him with conduct unbecoming a judicial officer, that allegation invoked only the power of this court to remove plaintiff from his office as a City Magistrate (N. Y. City Crim. Cts. Act, § 162). His removal was the aim and purpose of the pro-

ceeding; that aim and purpose failed; this court justifiably refrained from exercising its power.

Plaintiff, therefore, was a '' successful party '' in a proceeding '' to remove him from office,'' and, as such a party, he is absolutely entitled to be paid his expenses. The enabling statute (Administrative Code of City of N. Y., § 93d–2.0) provides unqualifiedly for the payment by the city of the expenses of such '' successful party.'' There is nothing whatever in the text of the statute which, directly or indirectly, precludes recovery if a result less than removal should eventuate. On the other hand, the statute specifically permits such recovery where, as at bar, plaintiff, as a City Magistrate, has been the '' successful party '' in the proceeding '' to remove him from office.'' Since the proceeding here failed of its single intended purpose, to wit: plaintiff's removal, the conclusion unavoidably follows that he is the '' successful party '' and is entitled to recover his expenses from the city.

In my opinion, the present form of plaintiff's claim for recovery of his expense is immaterial. Neither in its answer, nor in its affidavit on the motion at Special Term, nor in its brief in this court, has the city raised the defense that an article 78 proceeding alone is the plaintiff's proper remedy. The parties are entitled to frame the issues of their case in such expeditious form as to them seems proper (*Matter of New York, Lackawanna & Western R. R. Co.,* 98 N. Y. 447, 453); and when they do so a waiver will be implied with respect to any rights to which they might otherwise have been entitled (*Matter of Whalen* v. *Corsi,* 279 App. Div. 1113). In any event, a curable mistake in remedy is no ground for dismissal of a meritorious action (*Pattison* v. *Pattison,* 301 N. Y. 65, 69).

NOLAN, P. J., BELDOCK and KLEINFELD, JJ., concur with CHRIST, J.; PETTE, J., dissents in opinion.

Order affirmed, with $10 costs and disbursements to the city.