*47 OPINION OF THE COURT
Nicholas Colabella, J.
In a proceeding pursuant to CPLR article 78, petitioner seeks, inter alla, to compel respondents to pay employees in accordance with payroll records certified by petitioner, effective January 11, 1989, and to enjoin respondents from altering future payrolls.
BACKGROUND
On June 7, 1988, respondent John A. Memmelaar, Jr. (hereafter Memmelaar), holding the position of working foreman, was appointed by the Town Board as acting Highway Superintendent. The Superintendent appointment expired December 31, 1988. On January 1, 1989, petitioner became the new Superintendent of Highways. On January 2, 1989, petitioner dismissed Memmelaar as working foreman and appointed his son, Joseph P. Straub III (hereafter Straub), in Memmelaar’s place.
When the Town Board of Chester informed petitioner that the removal violated Civil Service Law § 75, petitioner restored Memmelaar to an hourly position subordinate to that of foreman. On January 11, 1989, petitioner submitted a certified payroll form to the clerk of the Town Supervisor, respondent Grumbach, listing Straub as foreman with a salary of $33,000 per year and Memmelaar at an hourly rate of $12.30 representing a yearly salary of approximately $24,600. Grumbach, apparently on direction from respondent Holbert, altered the payroll assigning the higher salary to Memmelaar and reducing Straub’s salary to $9.64 per hour or approximately $20,050 per year. Paychecks were issued reflecting these alterations. The second and third payroll forms that petitioner submitted were different from the first in that both Memmelaar and Straub were assigned the foreman’s salary of $33,000. These payrolls were altered in the same fashion as the first.
Petition is determined as follows:
MANDAMUS
Petition is dismissed insofar as petitioner seeks to compel respondents to pay employees Straub and Memmelaar in accordance with payrolls as certified by him.
Two certifications were required for processing of the pay *48 roll: Town Law § 120 required a certification on any payroll submitted by petitioner that "services indicated on [the] payroll * * * were actually performed by the person or persons mentioned therein.” A second payroll certification was required by a designated officer of the municipal commission— here, respondent Holbert — "that the persons named [in the payroll] are employed in their respective positions in accordance with law and rules made pursuant to law.”
In this case, the rejection of petitioner’s payrolls was the result of respondent Holbert’s refusal to certify the payrolls in the form they were submitted. Petitioner lacks standing to challenge the cause of respondent’s refusal. As relevant here, petitioner’s duty ended upon submitting the payrolls with his certification (Matter of Bradner v Funkhouser, 249 App Div 751; People ex rel. Schneider v Prendergast, 172 App Div 215).
Standing to maintain a CPLR article 78 proceeding to compel the issuance of a certificate or the payment of salary or compensation unlawfully withheld belongs to the person claiming entitlement to certification and refused such certification, or from whom salary of compensation has been withheld (Civil Service Law § 100 [1] [c]; see, e.g., Matter of Brayer v Lapple, 52 AD2d 1034; Legg v Brandt, 261 App Div 319). The individual so aggrieved is employee Straub for respondents’ refusal to certify petitioner’s payroll, based on the failure to recognize his appointment as working foreman. The same procedure is available to Memmelaar to review petitioner’s failure to certify him as working foreman and demoting him in alleged violation of Civil Service Law § 75.[1]
Even assuming, arguendo, petitioner had standing to contest respondents’ refusal of certification, he has failed to establish a clear legal right to the relief sought. Mandamus only lies to compel the performance of a ministerial act (Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 96). In this case, there was cause to refuse certification in that Memmelaar had been discharged, then demoted, in apparent violation of Civil Service Law 75.[2] As an employee holding a position in the noncompetitive class with five years of continuous service, Memmelaar could not be dismissed without cause (Civil Ser *49 vice Law § 75 [1] [c]). Petitioner’s argument, that subdivision (1) (c) does not apply to municipal employees, is inconsistent with the amendment to subdivision (1) (c), effective July 1, 1988, deleting the exclusive reference to State service and adding a reference to the municipal civil service commission.[3]
Petitioner’s further argument, that Memmelaar vacated the working foreman’s position on becoming Acting Superintendent, is unsupported by the record. The appointment, pursuant to Highway Law § 160, was temporary, the Board’s June 7, 1988 resolution appointing Memmelaar did not address the working foreman’s position, and at no time did Memmelaar resign his position as working foreman. Further, the appointment to Acting Superintendent was not equivalent to a promotion to Deputy Superintendent as petitioner suggests. While similar in function to an Acting Superintendent, in that a Deputy Superintendent is vested with the powers and duties of the Superintendent during the latter’s absence or inability to act, the office of Deputy Superintendent must be formally established by the Town Board. Once established, it continues despite the actual availability of the Superintendent (Town Law §32). By contrast in this case, no separate office was created by the Board’s June 7, 1988 resolution and the appointment lapsed under its terms on December 31, 1988 (see also, Highway Law § 160). In short, the appointment was tantamount to the assignment of other duties for an interim period (cf., Matter of Kinney v Nares, 125 Misc 435).
Further cause for refusal of certification existed as the result of errors in 2 of the 3 payrolls submitted by petitioner in which both Memmelaar and Straub were designated to receive the working foreman’s salary although only one working foreman’s position was authorized.
DECLARATIVE AND INJUNCTIVE RELIEF
Petition is dismissed insofar as petitioner seeks relief described as in the nature of prohibition. Prohibition "is available to prevent only judicial or quasi-judicial action * * * it may not be sought to control merely legislative, executive or administrative action” (Matter of Nicholson v State Commn. on Judicial Misconduct, 50 NY2d 597, 606). However, to the extent the petition may be viewed as seeking declarative and injunctive relief, same is severed and considered as made in *50 an action for declaratory judgment (CPLR 103 [c]). In that context, the court declares respondents exceeded their authority in altering petitioner’s certification and are enjoined from altering petitioner’s certification of future payrolls.
Petitioner has standing to contest the alteration since the duty and prerogative of making a certification pursuant to Town Law § 120 belongs exclusively to the Highway Superintendent. If respondents objected to the payrolls submitted by petitioner, the remedy was to decline certification and to "not pay or approve the payment” of disputed items (Civil Service Law § 100 [1] [a]).
The alteration of petitioner’s certification was not only unauthorized by statute, but it circumvented the purpose of requiring certification by a department head — namely, to ensure that the employees to be paid have actually performed the duties of their position (Town Law § 120). Petitioner, for example, never certified that employee Straub had performed the duties of a laborer which respondents’ alteration suggested. To the contrary, petitioner maintains that employee Straub has only functioned as a foreman. Likewise, although respondents have treated Memmelaar as working foreman, petitioner at least initially only certified him as having worked in a subordinate role.
Further, although superfluous in this case, the Board’s purported reappointment of Memmelaar as working foreman on December 28, 1988 violated Highway Law § 140 (4). The foregoing relegates such authority to the Highway Superintendent, who may "[wjithin the limits of appropriations employ such persons as may be necessary for the maintenance and repair of [the] highways and bridges, and the removal of obstructions caused by snow, subject to the approval of the town board, and provide for the supervision of such [employees] ” (Emphasis added.)
The words "subject to the approval of the town board” refer to the provisions in regard to maintenance, repair and removal, not to the employment of persons (Matter of Hiscox v Holmes, 237 App Div 240). As defined by its job description, the position of working foreman, embracing both supervision and participation in the above activities, is within the appointing authority of the Superintendent.[4]
*51 ATTORNEY FEES
"[A public] * * * officer possesses implied authority to employ [legal] counsel in the good faith prosecution * * * of an action undertaken in the public interest, and in conjunction with * * * his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting” (Cahn v Town of Huntington, 29 NY2d 451, 455).
Here, the petitioner prevailed on issues of public importance that were likely to recur — the alteration of a department head’s certification and the appointing authority for working foreman — and the Town Attorney had assumed an adversarial position which apparently endorsed the conduct challenged. Under these circumstances, petitioner had implied authority to engage outside counsel (see, Matter of Hiscox v Holmes, 237 App Div 240, supra). Petitioner’s counsel shall submit a copy of his retainer agreement and an affirmation of services rendered in support of an award of reasonable attorney fees with the judgment to be submitted. Absent a request for a hearing as to the nature of counsel’s services, the amount of the fees awarded shall be determined on papers.

. In making this observation, the court makes no determination as to whether there are administrative remedies available to employees Straub or Memmelaar which would have to be exhausted prior to seeking judicial review.

. This determination is made on the present record and without prejudice to any proceeding brought by employees Straub or Memmelaar.

. Petitioner does not otherwise contest Memmelaar’s eligibility under the Civil Service Law.

. This interpretation is buttressed by Town Law § 32 (2) which provides that an appointee as Deputy Superintendent — a position superior to working foreman — "shall be appointed by and serve at the pleasure of the town *51 superintendent of highways.” The Board’s authority to appoint may be exercised only in the event that "the town superintendent of highways shall fail to appoint such deputy within five days after the establishment of the office of deputy or within five days after a vacancy occurs in the office of deputy”. (Town Law § 32 [2].) It would be incongruous if the Superintendent could appoint a Deputy Superintendent, but not a foreman.