(56 Misc. Rep. 296.)

### PEOPLE ex rel. BEDFORD v. McWILLIAMS et al.

(Supreme Court, Special Term, Erie County.   June 28, 1905.)

1. MANDAMUS—ACTS OF PUBLIC BOARDS—SALARIES AND WAGES.

Under Civil Service Law, Laws 1899, p. 807, c. 370, § 19, requiring upon the pay roll of each department of the city the certificate of the municipal civil service commission that the persons named therein have been appointed or employed in pursuance of law, the certificate of the commission only certifies that such person was qualified and duly appointed to the position assigned; and if a pay roll is presented to the commission by the head of a department bearing the name of a person who from the official roster has been duly appointed to the position assigned him on the pay roll, it is its duty to attach its certificate, though it believes that the person named did not perform services appropriate to the title of the position assigned to him, and a peremptory writ of mandamus may issue to compel them to do so.

2. MUNICIPAL CORPORATIONS—DEPARTMENTS—AUTHORITY TO MAKE RULES.

Where, under the civil service law, the municipal civil service commission cannot refuse to certify a pay roll because an employé named therein examined and certified for a position is performing duties not appropriate to the position, the commission cannot make a rule to this effect.

Mandamus by the people, on the relation of Lucius H. Bedford, against John L. McWilliams and others, composing the civil service commission of the city of Buffalo, to compel respondents to certify so much of the pay roll of the department of public works as refers to relator's pay for services rendered.   Peremptory writ issued against respondent.

Guy B. Moore, for relator.
Edward L. Jung, for defendants.

KENEFICK, J.   The relator applies for a writ of mandamus under section 19 of the civil service law (Laws 1899, p. 807, c. 370), requiring the municipal civil service commission to certify so much of the pay roll of the department of public works as refers to his pay for service rendered said department.   Upon the pay roll as presented by the department of public works the relator's name appears as a foreman of laborers, and entitled as such, for services rendered for the first two weeks of June, 1905, to the sum of $45.   The relator's name appears upon the official roster of the municipal civil service commission required to be kept by section 18 of the civil service law as a foreman of laborers in the department of public works.   This position is in the labor class, for which no examination is required. The refusal of the municipal commission to certify the pay roll as to the relator is that while he appears upon their roster as a foreman of

laborers, and his pay is certified as such by the head of the department, in reality he is performing the work of a clerk, for which position a competitive examination is required by the rules of the municipal commission.

The law requires upon the pay roll "the certificate of the municipal civil service commission of such city that the persons named in such estimate, pay roll or account have been appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law." Section 19, Civil Service Law. As I view this proposition of the statute, in connection with the whole civil service law, the municipal commission is not required to certify that the persons named in the pay roll performed the services entitling them to receive the amount set opposite their respective names, or that such persons performed services appropriate to the title of the position assigned to them on the pay roll. It seems to me that it was never intended that any such responsibility should rest upon the civil service commission. The only duty imposed upon that commission by the statute, as I construe it, is that they shall certify that the persons whose names appear upon the pay rolls are qualified for appointment or employment in the positions assigned to them respectively on the pay rolls, and that they have been duly and regularly appointed to such positions. The use of the word "employed," in the section relating to certification above quoted, does not indicate an intention to place the burden upon the civil service commission of certifying that the persons named on the pay roll actually rendered service in the positions assigned to them on the pay roll. The word was used in distinction to "appointed." Apparently it was deemed that setting a man to work as a laborer from a registered list of applicants was a mere "employment," and could not be dignified with the term "appointment." See Collier on Civil Service, note 1, under section 17, p. 105.

I am of the opinion that, if a pay roll is presented to the municipal commission by the head of a department bearing the name of a person who, it appears from the official roster of the municipal commission, has been duly appointed to the position assigned him on said pay roll, it is the duty of the municipal commission to attach its certificate, and that the full scope and effect of such certificate is that the commission certifies that such person is qualified for appointment to the position assigned him on the pay roll, and that he was duly appointed thereto, and no more. It may be urged against this construction of the statute that it gives opportunity to the heads of departments to evade the requirements of the civil service law by falsely certifying that persons are entitled to pay in one capacity while actually performing work in another capacity. In answer to this it may be said that every public official can violate his official duty, if he cares to run the risk of the penalties which attach to such violation. Aside from the general penalties fixed by law for violation of duty on the part of public officials, I am inclined to the opinion that the language of section 19 is broad enough to permit the maintenance of an action by a citizen taxpayer against an appointing officer to recover from him any moneys paid upon a false certification.

It is also urged in opposition to this application that the municipal

commission has a rule under which it reserves the right to refuse to certify the pay roll upon satisfactory evidence that an employé examined and certified for a position is performing duties not appropriate to the position. A sufficient answer to this point is that the commission cannot by rule, alter or enlarge the power conferred upon it by the statute. It is authorized to make rules for the purpose of carrying out the work intrusted to it by the statute; but it cannot by rules enlarge the scope of its duties, and this is precisely what this rule attempts to do. It is apparent from the papers used in this motion that the municipal commission and the commissioner of public works are dealing with each other at arm's length. With such relation existing between these two important branches of the city government, the city cannot expect to obtain the full beneficial effect of the civil service statute.

There being no dispute as to the fact that Bedford was, duly appointed to the position of foreman of laborers, and his name appearing in such capacity on the pay rolls certified by the head of the department, it becomes the duty of the municipal commission to affix its certificate; and a peremptory writ of mandamus may issue accordingly.