In the Matter of the Application of MURRAY TILLES and Others, Petitioners, for an Order against DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION, Respondents.

(Also Three Other Proceedings.)

Supreme Court, Trial Term, New York County, March 7, 1941.

*Jesse H. Richman* and *Wm. Harman Black,* for the petitioners.

*John J. Bennett, Jr., Attorney-General [Bernard L. Alderman, Assistant Attorney-General,* of counsel], for the respondents.

*H. Eliot Kaplan [Samuel D. Smoleff* of counsel], for the intervenors.

COHALAN, J. These four proceedings are under article 78 of the Civi Practice Act (in the nature of mandamus proceedings). In each the petitioners applied originally for peremptory relief, claiming that they were entitled to permanent civil service status superior to certain other persons. Peremptory relief was denied by the

Special Term and the Appellate Division. (See 257 App. Div. 308.) The opinion on affirmance remitting the matter to this court contained the following direction: " The circumstances surrounding the appointment of each petitioner and each intervenor must be determined upon evidence, and the legal date of the appointment of each is to be resolved after a trial. After the legal dates of the appointment of intervenors and petitioners have been determined, then the Department of Labor and the State Civil Service Commission are to correct their records so as to indicate the respective dates upon which each should legally have been appointed. Such dates, when fixed, will determine the seniority rights of all. Suspensions are then to be made pursuant to law in the inverse order of the original appointment to the service as thus corrected. * * * After a trial of the issue of fact as herein indicated the court shall render a final order granting the appropriate relief."

Pursuant to such direction a trial was had. Petitioners, the intervenors and the respondent State Departments litigated. Each called witnesses and submitted documents. The record as to each petitioner and intervenor, as well as the department's action as to each, is before the court. As trier of the facts, I find: The Unemployment Insurance Law (Labor Law, § 500 *et seq.*) became effective April 25, 1935. A short time prior thereto a new division of the said Department of Labor, called the Division of Placement and Unemployment Insurance, came into being. This new division with State-wide authority and numerous branches needed employees. Speedy organization and immediate employment were necessary. The Civil Service Commission certified the four eligible lists here involved to the Department of Placement and Unemployment Insurance in their entirety. The lists were certified as appropriate for filling positions under the title of (a) employment interviewer, (b) employment counselor, (c) senior employment counselor, (d) senior employment interviewer. They were open competitive eligible lists as distinguished from promotion or preferred suspended eligible lists, none of the eligibles whose names appeared thereon ever having previously been employed in any State Department. The new division acted with unusual celerity. It sent canvass telegrams to *all persons* on the lists and, where possible, got in touch with *some* of the applicants by phone and otherwise. Knowing that there were numerous places to be filled, appointments from the list were made without regard to position thereon. To illustrate: They selected from one list No. 550 thereon before they selected or interviewed No. 10.

In making appointments the Department of Labor apparently acted on the belief that it was obeying the law in that *all appoint-*

*ments* were part of *one* transaction, and that list priorities continued to obtain and control. This is shown by the departmental action when the inevitable evil day arrived. By then the division and its branches had been properly organized, its work systematized and co-ordinated, and some employees had to be dropped. The speed that was necessary in organizing the department was not required when the time came for the weeding out of employees. The department has now acted in strict accordance with the law. Those at the bottom of the civil service list were the first suspended; those at the top remain in service. No attention was paid to the dates of the temporary emergency appointments. Original standing on the civil service list was the criterion.

Petitioners now contend that in each instance in which they entered the service of this new division so organized on a date prior to that entered by any other person, they have the right of seniority over such person, notwithstanding the fact that such person had a higher standing on the eligible list as certified by the Civil Service Commission, and that such person had not declined or deferred appointment or had been passed over up to the date of petitioners' original appointment.

Such contention cannot be upheld. It would substitute for the priorities given by the statute and the Civil Service Rules the whim, caprice or bias of the appointing department. If the appointing power for any reason preferred to appoint the person who was No. 550 on the list in advance of appointing the one who was No. 10, it could under such reasoning adopt that course. The mere statement of this contention shows it to be untenable.

The law appreciates that at times departments must act in emergency. When the emergency has passed, the law is not without power to give to each indiviaual affected by it his just deserts and his proper civil service status. The priorities on each list which obtain in the law as to original appointment from the certified civil service lists are in the present circumstances held to be controlling and suspensions must be made in the inverse order of original standing on the respective eligible lists because the original appointments must be deemed to have been made according to merit and fitness from among those graded highest on the lists in regular order of their standing on such lists on the same date. The temporary appointments of the lower eligibles prior to the permanent appointment of the higher eligibles gave them no preference in seniority. The department properly so acted as to suspensions.

Under the special circumstances surrounding the appointment of the petitioners and intervenors herein, as testified to, the conclusion

is inevitable that seniority must rest solely on the original standing of the eligibles on the lists. Any other conclusion would be in contravention of the spirit and purpose of section 31 of the Civil Service Law. (*Matter of Skrocki* v. *Greene,* 242 App. Div. 226; *Matter of Weiher* v. *Greene,* 239 id. 652; *Koso* v. *Greene,* 260 N. Y. 491.)

Petitioners have failed to sustain their burden of proof. Petitioners' motions are in each instance denied.