JAY ALCON, Appellant, *v.* KINTON REALTY, INC., et al., Respondents.

Third Department, November 9, 1956.

*Philip Korn* for appellant.

*Abraham Streifer* for respondents.

Gibson, J. In August, 1953, defendant Kinton Realty, Inc., leased to plaintiff a store, restricted to the sale of shoes and footwear, in the city of Kingston. The written lease provided that the landlord would not, during the term, rent a store or stores on the same premises "to any other dealer in shoes of any type or description". The lease further provided: "This instrument may not be changed, modified or discharged orally."

Plaintiff concedes that, after commencing business, he was anxious that the landlord rent the adjacent store in its so-called shopping center, in the belief that his business would thereby be aided. There is evidence that plaintiff urged the defendant Schindel to lease the adjacent space for use as a so-called "Army-Navy store". Defendant Schindel was interested but rejected a proposed lease prepared by defendant Kinton Realty, Inc., because of a clause which forbade the sale of shoes, this in conformity with the landlord's obligation under its lease to plaintiff. Thereupon, a conference was had at plaintiff's store between plaintiff, Schindel and representatives of the landlord. Defendants contend, and the Official Referee found, that plaintiff agreed that Schindel be prohibited only from selling "men's dress shoes or ladies' and children's shoes of all kinds" and these words were interpolated and the word "shoes" crossed out in the proposed lease to Schindel and that lease was thereupon executed, plaintiff not being present when the changes were made and the lease signed. Plaintiff denies that he at any time agreed to the arrangement. Shortly after the first conference and the execution of the lease, one of the landlord's representatives returned to plaintiff's store and, according to his testimony, asked plaintiff to sign a memorandum of the modification allegedly agreed upon and was referred by plaintiff to plaintiff's lawyer. Then and on subsequent occasions plaintiff declined to execute any writing.

The evidence is, of course, in sharp conflict. Of the various witnesses concerned none can be considered disinterested. Plaintiff and his witnesses asserted that no consent was given; defendants' witnesses asserted as vigorously that it was. To account for plaintiff's supposed change of mind, defendants assert that, after giving his oral consent, plaintiff demanded

reductions in the rental and term of his lease as a condition of his executing a written confirmation. The evidence which the trier of the facts was entitled to, and did, find both credible and preponderant adequately supports the determination that an oral agreement modifying plaintiff's lease was made and acted upon, so that it was no longer executory merely when plaintiff sought to disaffirm it.

That a written contract may thus be effectively modified, even when it contains a stipulation against oral modification, has long been established. As was said by Judge CARDOZO in *Beatty* v. *Guggenheim Exploration Co.* (225 N. Y. 380, 387): " Those who make a contract, may unmake it. The clause which forbids a change, may be changed like any other. The prohibition of oral waiver, may itself by waived. " (See, also, Restatement, Contracts, § 407, and statement preceding New York Annotations; 2 Williston on Contracts, p. 1702, § 591; *Harris* v. *Shorall,* 230 N. Y. 343; *Thomson* v. *Poor,* 147 N. Y. 402.) Plaintiff is not aided by section 282 of the Real Property Law which inhibits only executory oral agreements designed to modify written agreements which contain stipulations against oral changes.

Plaintiff offered no proof of damage and defendants contend now that the question of injunctive relief has also become academic, by reason of the termination of the Schindel lease. We cannot consider this contention, based, as it is, solely upon an affidavit submitted with respondents' brief.

It follows that the judgment should be affirmed.

BERGAN, J. P., COON, HALPERN and ZELLER, JJ., concur.

Judgment affirmed, with one bill of costs to respondents.