James H. Boomer, J.
Subdivision 1 of .section 80 of the Civil Service Law requires that upon the abolition for economy reasons of a position or positions in the competitive class, termination among incumbents shall be made ‘ ‘ in the inverse order of original appointment on a permanent basis ”. The City of Rochester, for economy reasons, abolished one position of electrical inspector in the competitive class and requested from the Monroe County Civil Service Commission a “ lay-off list ”. According to this list, Donald Briggs was the incumbent with the latest “ effective date ” of appointment and on May 10, 1974, the city terminated Mr. Briggs ’ employment. When notified that he would be laid off, Mr. Briggs filed a written grievance with the city and on May 24, 1974, the city denied the grievance stating that Mr. Briggs was properly laid off.
Mr. Briggs protested his termination by writing to the New York Civil Service Commission. At first an employee of the State Civil Service Commission gave the opinion that the last was correct, but later on August 30,1974, that employee wrote that an error had been made and that a Mr. Schwartz, and not Mr. Briggs, had been the last to be appointed. Relying upon this later opinion, the Monroe County Civil Service Commission on September 5,1974, directed the city to terminate the employment of Walter Schwartz and to reinstate Mr. Briggs. It repeated this direction on September 18, 1974, and threatened that “We will not certify any payroll that does not comply with this directive.” Thereupon, the City of Rochester commenced this lawsuit to compel the Civil Service Commission to certify the payroll with Mr. Schwartz’s name on it.
*161 WAS THE “ LAY OFF ” LIST I IT EEBOB?
I hold that it was. The eligible list from which the present incumbents were appointed shows that Mr. Briggs received a higher score on the competitive examination than Mr. Schwartz and, consequently, Mr. Briggs was third on the eligible list and Mr. Schwartz was fifth. At the time of the appointment Mr. Briggs was told to report to work on March 15, 1971, but Mr. Schwartz, who was working under a provisional appointment, was given permanent status on March 1, 1971. I agree with the opinion of the State Civil Service Commission that under the rule of “ one in three ” Mr. Schwartz could not have been reached for appointment until after Mr. Briggs was appointed.
Even though there were three appointments to be made from the list, the rule of “ one in three ” requires that each appointment be made separately (Matter of Skerman v. Reavy, 178 Misc. 732). The first appointment had to be made from one of the first three on the list. The first person on the list was appointed to the first opening. The second appointment had to be made from the next three on the list and this appointment had to go to either number two, three or four. Mr. Schwartz was number five and, consequently, could not have been the second person appointed from the list. His appointment could only come as the third selection, after Mr. Briggs, who was number three on the list, was appointed. Only then would Mr. Schwartz have been one of the three highest on the list.
Although they started work at different times, all three appointees were appointed on February 26, 1971. And where appointments are made from the same list on the same day, it is assumed that those who have the highest standing are first appointed (Matter of Skrocki v. Greene, 242 App. Div. 226; Matter of Weiher v. Greene, 239 App. Div. 652; Matter of Tilles v. Department of Labor of State of N. Y., 176 Misc. 575, affd. 266 App. Div. 950).
The city states that although Mr. Briggs was appointed on February 26, 1971, he could not commence work until March 25, 1971 and, therefore, he was the one to be terminated first. The statute, however, requires that the layoff be in inverse order of “ appointment ”, not of starting of work. The Monroe County Civil Service Buies make provision for the temporary inability of a person on the eligible list to accept employment. “ When an eligible is offered an appointment and fails to accept, his name shall be removed from the list unless he declines for one of several reasons, including his temporary *162 inability, physical or otherwise, to accept. ’ ’ By rule, this temporary inability must be satisfactorily explained in writing and entered upon the eligible list. No entry was made on the eligible list indicating any temporary inability of Mr. Briggs to accept the appointment. In fact, the letter notifying Mr. Briggs of his appointment told him to report to work on March 15, 1971. Mr. Briggs, in an affidavit which is not refuted by reply, denies that he was given any opportunity to start work at an earlier date.
A ruling that would permit the date of commencement of employment rather than the date of appointment to determine retention rights would permit the appointing authority to arbitrarily prefer one appointee over another. Usually the one preferred will be already employed provisionally. This was the case here. It is well established no rentention rights stem from employment under a provisional appointment (Koso v. Greene, 260 N. Y. 491).
IS THE CITY THE PROPER PARTY TO BRING THIS PROCEEDING?
Section 100 of the Civil Service Law, which makes it the duty of the Civil Service Commission to certify the payroll and to refuse certification under certain circumstances, gives a remedy by way of an article 78 proceeding to a person whose salary is withheld because the Civil Service Commission wrongfully fails to certify the payroll. No remedy is specifically provided to that person’s employer.
It has been held that a County Clerk was not entitled to bring a mandamus proceeding to compel a disbursing officer to certify upon the payroll the names of two employees of the County Clerk. The reason .given was that no rights of the County Clerk were affected since there was no showing that the failure to certify the payroll as to the two employees would prevent the County Clerk from performing any duties of his office. The wrong, if any, was to the two employees (People ex rel. Schneider v. Prendergast, 172 App. Div. 215). Here, if the payroll is not certified as to the name of Mr. Schwartz, he, not the city, will be the party aggrieved and he alone may maintain the action.
It may be argued that the city will ibe unable to perform its functions if the Civil Service Commission refuses to certify any part of the city payroll. If this occurs, all city employees will be denied their pay and many may quit or refuse to work. In my opinion, a refusal on the part of the Civil Service Commission to certify the entire payroll because Mr. Schwartz’s *163 name appears upon it would be arbitrary and would vitally affect the interests of the city. An order is "granted directing the Civil Service Commission tó certify the city payroll, as to all proper items, reserving to the Civil Service Commission the right to withhold certification from any improper item.
When this action was first commenced, Mr. Schwartz was not a party to the proceeding. Later he was made a party by the city, but ho has not appeared and he asks for no affirmative relief. I hold that the petition of the city insofar as it purports to effect the certification of Mr. Schwartz’s name on the payroll must be dismissed, without prejudice to the right of Mr. Schwartz to bring a proceeding on his own behalf should his salary be withheld for refusal of the Civil Service Commission to certify his name on the payroll.
MAY MB. BBIGGS, IN THIS PEOCEEDING, BECOVEB BACK PAY FOB A WBONGFUL SUSPENSION?
Mr. Briggs, who I have held was suspended in violation of his retention rights, was made a party to this proceeding. He seeks, as affirmative relief, reinstatement with back pay. His request for judicial relief, made in this action commenced by petition dated October 28, 1974, comes too late (CPLR 217). At the very latest, Mr. Briggs’ time to commence an action expired on September 24, 1974, four months after the city, by letter dated May 24, 1974, refused Mr. Briggs ’ demand that he be retained (Austin v. Board of Higher Educ. of City of N. Y., 5 N Y 2d 430, 441-442). Counsel for Mr. Briggs, in his brief, concedes .that Mr. Briggs’ “ time to commence an action under Article 78 of the Civil Practice Law and Rules commenced on May 24,1974.” But he says that this proceeding is timely since Mr. Briggs’ “ aggrievement ceased on September 5,1974, based upon the Civil Service Commission’s decision that he should be reinstated.” I find that Mr. Briggs’ “ appointment ” did not cease on September 5, 1974.
A municipal employee has no right of appeal to the local Civil Service Commission from an improper suspension or termination unless that termination or suspension results from a disciplinary proceeding (Civil Service Law, § 76). Nor does a local Civil Service Commission have any authority to direct the reinstatement of an employee where no such appeal is taken. The only remedy available to Mr. Briggs was by way of an article 78 proceeding against the. Commissioner of Buildings of the City, the official who. terminated or suspended him. At no time did the city acquiesce in the later opinion of the Civil *164 Service Commission and its refusal to reinstate Mr. Briggs continued from May 24, 1974, up and beyond the commencement of this proceeding. Mr. Briggs’ “ aggrievement ”, therefore, did not cease when the Civil Service Commission gave the opinion that he should be.reinstated; it could only cease if the city acted upon that opinion and reinstated him.
MAY THE CIVIL SERVICE COMMISSION REFUSE TO CERTIFY A PAYROLL BECAUSE AN EMPLOYEE HAS BEEN DISCHARGED IN VIOLATION OF HIS RETENTION RIGHTS?
The disposition I have made of this proceeding makes it unnecessary to decide whether the Civil Service Commission has the right to refuse to certify Mr. Schwartz’s name on the payroll because Mr. Briggs, rather than he, was suspended because of the abolishment of a position. Mr. Schwartz, however, may bring an action to compel the Civil Service Commission to certify his name on the payroll. For this reason I feel I should state my opinion in the matter.
Subdivision 1 of section 100 of the Civil Service Law gives the Civil Service Commission the right to refuse to certify the payroll unless “ the persons named thereon are employed in their respective positions in accordance with the law and the rules made pursuant to law ”. The commission may notify a disbursing officer not to pay any person who “ has been promoted, transferred, assigned, reinstated or otherwise employed in violation of ” the Civil Service Law or rules thereunder. (Civil Service Law, § 100, subd. 1, par. [a].)
Originally the Civil Service Law required the commission to certify that the persons named on the payroll “ have been appointed or employed or promoted in pursuance of law.” (L. 1899, ch. 370, § 19.) The word “ appointed ” referred to the original appointment of a person in the classified service and the word “ employed ” referred to the original hiring of a person in the labor class where an examination was not required (People ex rel. Bedford v. McWilliams, 56 Misc. 296). It was held, therefore, that “ if a pay-roll is presented to the municipal commission by the head of a department, bearing the name of a person who it appears from the official roster of the municipal commission has been duly appointed to the position assigned him on the pay-roll, it is the duty of the municipal commission to attach its certificate; and that the full scope and effect of such certificate is that the commission certifies that such person is qualified for appointment to the position assigned *165 him on the pay-roll, and-that he was duly appointed thereto, and, no mote.” (People ex rel. Bedford v. McWilliams, supra, p. 298; emphasis supplied.)
Subsequently, the wording of the statute was broadened to permit the Civil Service Commission to take action where the person has been “ promoted, transferred, assigned, reinstated, or otherwise employed ” in violation of the Civil Service Law or rules (Civil Service Law, § 100, subd. 1, par. [a]). While this wording has given a broader meaning to the term “ employed ”, it does not, in my opinion, permit the Civil Service Commission to refuse certification to a person who was duly appointed to his position and is performing the duties of that position. Here, Mr. Schwartz was duly appointed to his position and is performing the duties of that position. While he, rather than Mr. Briggs, should have been suspended when one of the positions was abolished, his employment is not in violation of the Civil Service Law, at least until Mr. Briggs is reinstated.
Civil Service provisions concerning appointments were enacted for the benefit of the public to ensure that public employment is based on merit. These provisions may not be waived and a person hired in violation of Civil Service provisions may be terminated at any time. On the other hand, Civil Service provisions with regard to retention rights appear to be for the benefit of the employee and he may waive these rights or lose them by laches or by the running of the Statute of Limitations. It is unreasonable that a Civil Service Commission could refuse to certify the payroll of a retained employee where another person with a superior right to retention has been terminated but has waived his right to retention or reinstatement. It is just as unreasonable that a Civil Service Commission could take such action to compel the reinstatement of a person who has lost his right to reinstatement by his failure to bring 'action timely. A reasonable interpretation of the phrase “ employed in violation of ” the Civil Service Law, as it appears in -section 100 (subd. 1, par. [a]) of the Civil Service Law, does not permit its application to cases where one person properly appointed is retained while 'another with a superior right of retention is terminated. The violation of law is not the retention of the one, but the improper termination of the other.
Submit order enjoining the Civil Service Commission from refusing to certify the entire payroll, but dismissing the petition insofar as it -seeks to enjoin refusal to certify individual items thereon. The order shall also deny the respondent Briggs the *166 affirmative relief he seeks. The order shall be without prejudice to the right of the respondent Schwartz to bring a proceeding to compel the certification of his name on the payroll should the Civil Service Commission refuse such certification.