(May 21, 1976)

In the Matter of PAUL W. BRAYER, as Personnel Director of the City of Rochester, et al., Respondents, v FREDERICK W. LAPPLE, as Executive Director of the Monroe County Civil Service Commission, et al., Respondents, and Donald P. Briggs, Jr., Appellant.—Judgment unanimously reversed, with costs, and matter remitted to Special Term Monroe County for further proceedings in accordance with the following memorandum: After taking an examination and being certified by the Monroe County Civil Service Commission for one of three openings, appellant, Donald P. Briggs, Jr., was hired as an electrical inspector by the City of Rochester in 1971. Thereafter, for reasons of economy the city decided to abolish one of these positions and requested a "lay-off list" from the Monroe County Civil Service Commission. The list which was furnished erroneously indicated that appellant had the latest "effective date" of appointment and since, under section 80 of the Civil Service Law, abolition of positions in the competitive class for economy reasons shall be made "in the inverse order of original appointment", Briggs' employment was terminated by the city as of May 10, 1974. Appellant immediately filed a grievance with the city protesting this action and asking that it be rescinded. On May 24, 1974 his grievance was denied by the city. He also promptly wrote the New York State Civil Service Commission. It subsequently developed that the "lay-off list" was in error in indicating that appellant Briggs should have been first terminated. This fact is confirmed in a letter dated September 5, 1974 from the Monroe County Civil Service Commission to the City of Rochester requesting the city to "initiate action to reinstate Mr. Briggs". This letter was followed by a meeting between respondent, Frederick W. Lapple, Executive Director of the County Civil Service, and the Personnel Director of the City of Rochester. On September 18, 1974 the County Civil Service Commission directed appellant's reinstatement and threatened that the commission would refuse to certify any city payroll that did not comply "with this directive". Shortly thereafter the city obtained a show cause order in an article 78 proceeding staying the Civil Service Commission from refusing to certify city payrolls for failure to comply with the above directive. When the matter came on to be heard on October 30, 1974 Special Term concluded that appellant Briggs was wrongfully terminated from his

position as a result of the erroneous "lay-off list". Special Term further determined that Briggs' October 16, 1974 cross petition for affirmative relief by way of reinstatement and back pay interposed in the city's article 78 proceeding was time-barred under CPLR 217. From this determination the appeal followed. We believe that appellant should be reinstated. Focusing on the determination which caused appellant's employment to be terminated, it appears that he promptly and properly challenged that determination before its authors, the State and County Civil Service Commissions. Had appellant instituted an article 78 proceeding against the city immediately following his unsuccessful attempt to obtain reinstatement, but prior to seeking redress from the Civil Service Commissions, such action would have been premature (CPLR 7801, subd 1). On September 5, 1974 a demand was made upon the city to reinstate appellant Briggs. Following such demand the city refused to reinstate Mr. Briggs and instituted an article 78 proceeding on October 3, 1974 seeking to enjoin the County Civil Service Commission from declining to certify city payrolls. Although Briggs clearly could not have obtained article 78 relief against the city prior to September 5, 1974, as soon as that right was established, he timely petitioned (Matter of Perry v Blair, 49 AD2d 309) for mandamus relief against the city by his cross motion in the city's action against the county (Board of Educ. v Levitt, 42 AD2d 372). Since appellant established that he had been unlawfully terminated from his position as electrical inspector of the City of Rochester, he is also entitled under the provisions of section 77 of the Civil Service Law to receive the salary to which he would have been entitled but for such unlawful removal (Matter of Adams v New York State Civ. Serv. Comm., 51 AD2d 668) from May 10, 1974 less any amounts earned by him from other employment during the interim. (Appeal from part of judgment of Monroe Supreme Court—article 78.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.