■ Allan V. Rose et al., Appellants, v Spa Realty Associates et al., Respondents.—Appeal from so much of a judgment of the Supreme Court, entered June 2, 1976 in Saratoga County, upon a decision of the court at a Trial Term, without a jury, as directs plaintiffs to pay the full purchase price in cash for such property as has been directed to be conveyed to them by defendants, and from such further portion of said judgment as extends the time for performance of other options to the extent such decree may deny plaintiffs the right to exercise an option to purchase the entire property. Plaintiffs commenced an action for specific performance based upon a contract between defendants, as sellers, and plaintiffs, as purchasers, for the sale and purchase of 76 acres in Saratoga Springs upon which plaintiffs planned to construct an extensive housing development. The contract executed June 26, 1972 provided for conveyances in stages geared generally to the progress of the housing development which was dependent upon acquiring the approval of concerned municipal authorities. As a first step after signing the agreement and delivery by purchasers of a down payment in the amount of $10,000, the purchasers were required to prepare preliminary plans for the development of the 76 acres with 800 dwelling units and to provide in those plans for the division of the area into four parcels, designated Purchase Parcels Nos. 1, 2, 3, and 4. Within Purchase Parcel No. 1, the purchasers were required to designate a one-acre subparcel for the construction of four model units. The closing to this one-acre subparcel has occurred, and purchasers have paid an additional $15,000 and have proceeded with the construction of the four dwellings. The agreement further provided, *inter alia,* that upon closing title to the remainder of Parcel No. 1, the consideration to be paid would be a sum to be "determined by the maximum number of dwelling units allowed by the building permits obtained" for the first purchase parcel, which shall be priced at $1,500 for each approved dwelling unit. The agreement stated "that neither party shall be obligated to close title or proceed further unless not less than one hundred and fifty (150) dwelling units are allowed within said first parcel" except as otherwise provided. The terms of payment were stated to be: "1) Cash equal to 16⅔% of the purchase price against which the purchases will be credited with the sum of $25,000 paid for the conveyance of the one-acre parcel * * * 2) The balance by purchasers executing a purchase money mortgage" (par 3 [c]). Closing of title to this first purchase parcel was to take place on March 1, 1973, provided, however, that sellers had obtained the building permits for sewage disposal facilities, municipal water facilities and all other necessary governmental approvals for the required number of dwelling units. As specified in the agreement, the defendants were to obtain approvals for a total of not fewer than 150 dwelling units in the first

purchase parcel, and neither party was obligated to proceed further until these approvals were obtained. However, approval was obtained for a total of 96 units only. The plaintiffs contended below that the contract was modified by oral agreement of the parties, with the result that the contract remained in full force and effect except for the modified portion which reduced the number of required approvals from 150 units to 96. The defendants asserted that the contract terminated when approval for 150 units were not obtained, and that defendants thereafter agreed to close title on 96 units on condition that the balance of the purchase price be paid in cash. The trial court found that the parties had agreed to modify the contract so as to provide for the closing of title to 96 units, from which finding defendants do not appeal, but held that the plaintiffs' evidence fell short of establishing by preponderant evidence that the defendant agreed to the payment of but 16⅔% in cash. The trial court, following its finding of an executed oral modification of the agreement, accordingly held that plaintiffs were entitled to judgment of specific performance upon payment in full on an all cash basis. The judgment provided that plaintiffs were to pay defendants in cash the sum of $119,000 (representing $1,500 per unit times 96 units less $25,000) for the property constituting Purchase Parcel No. 1. The issue to be resolved on this appeal is whether the evidence was sufficient to support the determination of the trial court that the parties had agreed not only to modify the contract by reducing the number of required approvals from 150 units to 96, but had also agreed to modify the provisions of the contract with relation to the terms of payment. Subdivision 1 of section 15-301 of the General Obligations Law states: "A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an *executory* agreement unless such *executory* agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." This section does not prohibit executed oral modifications. "Those who make a contract, may unmake it. The clause which forbids a change, may be changed like any other. The prohibition of oral waiver, may itself be waived" *(Beatty v Guggenheim Exploration Co.,* 225 NY 380, 387). The purpose of this section is to inhibit only executory oral agreements designed to modify written agreements which contain stipulations against oral changes *(Alcon v Kinton Realty,* 2 AD2d 454, 456). For this purpose, an executed agreement is one the object or terms of which are fully performed on both sides, or are performed at least on one side, and the execution must involve doing or suffering of something not required to be done or suffered by the terms of the writing, and such oral agreement takes effect as an alteration or modification as of the date it becomes fully executed (17A CJS, Contracts, § 377). The trial court determined that paragraph 3(c) of the contract was modified by the parties to reduce the required approvals from 150 dwelling units to 96. Approvals for 96 units were, in fact, issued and plaintiffs expended substantial moneys in reliance thereon. A letter written by defendant Schlesinger, which satisfies the requirement of a writing signed by the party against whom enforcement is sought, establishes defendants' agreement that the project proceed upon the obtaining of approval for 96 rather than 150 units. Defendants have not appealed from this finding and the record amply supports the determination of the trial court that the modification, in this respect, had been executed. However, in addition to its finding of an executed oral modification of the quantity terms of the agreement, the trial court held that the payment terms of the contract (16⅔% cash) had been modified by the parties so as to require plaintiffs to

purchase the 96 units on an all cash basis. We are constrained to reverse this portion of the trial court's decision. The fact that there was an executed modification of the quantity terms of the contract supported by a signed writing, does not satisfactorily establish an agreement to modify the payment terms as well in the face of the requirements of the Statute of Frauds. The only evidence in the record to substantiate the decision of the trial court that the parties had agreed to a modification of the payment terms of the contract to provide for all cash consists of oral testimony. Schlesinger's letter to the plaintiffs in which he indicated that he had submitted plans for only 48 additional units (in addition to the 48 units which had previously been approved), makes no mention of any agreement that the payment terms of the contract had been modified to provide for payment of all cash. The trial court chose to accept the testimony of plaintiffs' witness Baratta wherein he stated that at the end of July, 1973, Schlesinger insisted on closing on the 96 units on the basis of all cash. Baratta did not testify that such a condition had been agreed to by plaintiffs. Such oral evidence was therefore received in violation of the General Obligations Law. The alleged modification of the payment terms had never been executed. Since no part payment was made which might establish an executed modification, it was necessary for the defendants to produce a writing evidencing the modification of the payment terms (General Obligations Law, § 15-301, subd 1). In the absence of such a writing, the terms of the original contract, not altered by the modification, remain in full force and effect (10 NY Jur, Contracts, § 406). Plaintiffs will therefore be entitled to specific performance in accordance with payment terms set forth in the contract. No cash will be required to be refunded to plaintiffs if amounts already paid in cash exceed 16⅔% of the total purchase price: Plaintiffs' second objection on this appeal is to a provision of the judgment extending the time for performance of other options in the contract which plaintiffs claim will in effect deny them the right to exercise certain options. Paragraph (5) of the contract granted purchasers the right, at any time prior to the closing of title to Parcel No. 1, to purchase the entire property on specified terms. We see no reason why this option should not continue to be exercisable. In our view, plaintiffs are entitled to elect between specified performance of the conveyance of 96 units on terms as heretofore set forth, or to the purchase of the entire parcel in accordance with provisions of the contract. It is our view that plaintiffs be required to exercise this election within 30 days. The judgment will be modified accordingly. Judgment modified, on the law and the facts, by adding to the second decretal paragraph thereof, after the first sentence therein, the following: "Provided, however, that upon the election of plaintiffs, which election shall be effective only upon the giving of notice to the defendants within 30 days of the entry of an order pursuant to this judgment, defendants shall execute, acknowledge and deliver as aforesaid a deed in such form as is hereinbefore described to those premises described in paragraph (5) of the contract between the parties executed June 26, 1972" by deleting the third decretal paragraph therefrom, and substituting therefor the following: "Ordered, adjudged and decreed, that simultaneously with the delivery of the deed herein, plaintiffs shall pay any such amounts as may be required by the contract of June 26, 1972, and shall further execute and deliver such notes and mortgages in favor of defendants as are required by the provisions of said contract; and" by deleting from the sixth decretal paragraph thereof the words "on Tuesday, August 10, 1976" and substituting therefor the words "no later than Wednesday, December 15, 1976", and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Reynolds, JJ., concur.