■ ALLAN ROSE et al., Appellants, v SPA REALTY ASSOCIATES et al., Respondents.—Appeal from an order and a supplemental order of the Supreme Court at Special Term, entered October 13, 1977 and October 24, 1977, respectively, in Saratoga County, which amended a resettled judgment dated and entered July 21, 1977 so as to provide for a date for the closing of title to certain real property pursuant to said resettled judgment, and denied plaintiffs' motion to amend said judgment in all other respects. This litigation arose from a contract for the purchase of land between defendant sellers and plaintiff purchasers. After oral modification, plaintiffs sued for specific performance of the contract insofar as it called for the first of a three-stage transfer of property. Specific performance was directed (Supreme Ct, Saratoga County, May 17, 1976). On appeal to this court, the judgment was modified (54 AD2d 1028). Our order was reversed by the Court of Appeals and the judgment of the trial court was reinstated (42 NY2d 338). A new closing date was set by the Trial Judge, but the plaintiffs refused to close and instead applied for a hearing to determine whether the defendants were able to specifically perform. They claimed that the grant by the defendants of a sewer easement and construction thereof on a second parcel of land which plaintiffs were under contract to purchase from defendants at a later date created a cloud on the title so as to preclude closing. The Trial Judge found that the sewer construction created no legal damage to the parcel in question and greatly benefited the second parcel. The Trial Judge further found that plaintiffs were estopped and laches precluded that defense. We agree with the Trial Judge that there was overwhelming proof that plaintiffs knew of the actions leading to the granting of the easement, that plaintiffs saw the actual construction for many months and that plaintiffs sought from defendants, for the purpose of connecting to the new

sewer, an easement from the first parcel to the second. We note, as did the Trial Judge, that despite testimony of an attorney connected with the sewer matter the plaintiffs' principal had early knowledge of the sewer project, the plaintiffs failed to call that principal as a witness and thus "the strongest inferences may be drawn against [plaintiffs] which the opposing evidence * * * permits" *(Noce v Kaufman,* 2 NY2d 347, 353). Although plaintiffs inferred that they first acquired knowledge of the easement subsequent to the resettlement of the judgment on July 21, 1977, at the hearing of October 3, 1977 requested by the plaintiffs the defendants produced uncontradicted evidence which belied this claim. Plaintiffs' knowledge of the public sewer matter dated back to 1972 when plaintiffs guaranteed to the city that they would connect to the system when it was available. In July, 1975 plaintiffs demanded of defendants an easement to hook up with the sewer system. In addition, a principal of plaintiffs actually observed the construction. All of the above supports the determination of the Trial Judge that plaintiffs' early prior knowledge of the sewer easement and their failure to raise objection by suit or otherwise until after judgment, appeals and resettled judgment, constituted an estoppel and laches. An estoppel may arise from silence when the person charged knows or ought to know that the silence will be relied upon. Further, one who fails to protest when there is a duty and opportunity to speak may not later complain *(Chautauqua County Federation of Sportsmens Club v Caflisch,* 15 AD2d 260; 21 NY Jur, Estoppel, § 30). Laches is also appropriate in this case *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852; 36 NY Jur, Limitations and Laches, § 153). Having made this determination, there is no necessity to consider other contentions of the appellants. Judgment modified, on the law and facts, to provide that the closing of title shall take place on February 15, 1978, at 1:00 P.M., or sooner if the parties shall agree, at the office of Commonwealth Abstract Co., 2111 White Plains Road, The Bronx, New York, New York, and otherwise affirmed in all respects, with costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.