OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs are officers of the New York City Police Department who were laid off for various amounts of time during the city’s fiscal crisis in 1975. Each seeks back pay for all or part of the period of their layoff, contending that the city acted improperly in determining their seniority for purposes of layoff and rehiring at that time.
The relevant facts are undisputed. In early 1975 the city *149 commenced the process of ranking its police officers in order of seniority, initially as based upon the officers’ dates of appointment to the force. Preliminary lists were posted in each police station in June 1975, and the officers were informed to notify the Department of any corrections or adjustments to be made, in light of prior city service or military duty.
The final list of approximately 7,000 officers included a group of over 400 officers sharing the same adjusted appointment date. In order to break the tie among these group of officers, the city used several criteria. It gave priority to officers who had ranked higher on the eligible list from which they were appointed; however, since there were four such eligible lists, additional criteria had to be employed to rank the officers’ seniority. The city therefore considered the date each list was established and each civil service appointment test was administered. The final comprehensive seniority list placed those officers who had taken earlier tests before the officers who had taken later tests; within those sublists they retained their rank as determined by test scores.
On June 30, 1975 the layoffs were' effectuated. The officers were subsequently restored to service in order of seniority, using the same list.
Most of the plaintiffs were among the group of approximately 400 tied officers. They challenge the propriety of using any method to break the tie and lay off some of that group of officers; they further contend that in any case the city’s method of ranking them was improper. Additionally, six plaintiffs claim that in light of their prior service they were entitled to an adjustment to their seniority, despite their failure to notify the Department of such prior service either at the time the final list was made up or at the time of their layoffs.
All parties agree that no factual issues are in dispute and each moves for summary judgment.
Civil Service Law § 80 (1) provides that where competitive class civil service positions are abolished, "suspension * * * among incumbents holding the same or similar positions shall be made in the inverse order of original appointment”. It is well settled that "where appointments are made from the same list on the same day, it is assumed that those who have the highest standing are first appointed” (see, Matter of Brayer v Lapple, 80 Misc 2d 159, 161, revd on other grounds 52 AD2d *150 1034; see also, Matter of Skrocki v Greene, 242 App Div 226). This rule, as enunciated in the above cases, is in no way limited to the facts of each case regarding the employee’s job description; it applies as well to city police officers as it does to county electrical inspectors or architects.
It follows that the city is entitled to break the tie and lay off part of a group of officers having a particular appointment date, as long as those layoffs proceed appropriately, by rank. The only remaining issue is whether the city properly ranked the approximately 400 officers in question. I hold that it did. Confronted with four separate eligible lists from which those officers were appointed, the city reasonably concluded that those officers who took the earlier tests should have priority over those who took subsequent tests; indeed, I can suggest no better method, nor do the plaintiffs.
As to the claim of the six plaintiffs whose rank on the final list did not take into account their prior service, the city contends that their claims are barred by the doctrine of equitable estoppel, and I agree. "An estoppel may arise from silence when the person charged knows or ought to know that the silence will be relied upon. Further, one who fails to protest when there is a duty and opportunity to speak may not later complain” (Rose v Spa Realty Assocs., 60 AD2d 937, 938).
The plaintiffs argue that the defense of equitable estoppel is not applicable since the city did not suffer a change in position to its detriment (see, Holm v C.M.P. Sheet Metal, 89 AD2d 229, citing 21 NY Jur, Estoppel, Ratification, and Waiver, § 60). They fail to recognize that because of their inaction, the city retained and paid police officers who would have been laid off in plaintiffs’ stead. It is indisputable that the wages paid to the retained police officers cannot be recovered; thus the city has established the requisite change of position to its detriment.
In view of the foregoing, the defendant’s motion for summary judgment is granted, and the complaint is dismissed.