*971 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This declaratory judgment action has its genesis in the 1975 New York City fiscal crisis. In an effort to mitigate its financial woes, the City laid off large numbers of employees, including nearly 6,000 members of its uniformed services, many of whom were rehired over the next five years, as the City’s finances improved. In 1982, the Legislature enacted Civil Service Law § 80 (7) (now Civil Service Law § 80 [8]) in order to restore certain rights to those employees who returned to City employment. The statute provided that returning employees "shall be deemed to have been in continuous service in determining seniority and length of service * * * provided, however, that for retirement purposes, a member receiving such service credit shall pay into the annuity savings fund * * * the amount * * * required to have been paid * * * for such service”. Representing rehired uniformed service employees, plaintiffs sought a declaration that, by Civil Service Law §80 (7), the Legislature bestowed upon them constructive seniority and credit for all employment purposes — not only pension and retirement benefits but also promotion eligibility, salary rate, assignments and reassignments, scheduled days off and leave.
We cannot agree with plaintiffs that the word "seniority,” as used in Civil Service Law § 80 (7), unambiguously imports every consequence of job seniority found in the Civil Service Law. To the contrary, "seniority” in the context of Civil Service Law § 80 — which is entitled "Suspension or demotion upon the abolition or reduction of positions” — manifests a legislative intent to confer a more qualified benefit for these returning employees: that if there were any further "abolition or reduction of positions,” these employees would be deemed to have been in continuous service, and in that sense have seniority. Such a construction of the section is consistent with the contemporaneous indications in the legislative history that the principal focus was on pension and retirement benefits, not the sweeping benefits plaintiffs urge; this construction is also consistent with the projected fiscal implications (see, McKechnie v Ortiz, 132 AD2d 472, 473-474). Moreover, the broad reading urged by plaintiffs to accommodate their asserted rights would necessarily dislocate other employees and *972 undermine the "merit and fitness” requirements of the Constitution and the Civil Service Law (see, NY Const, art V, § 6; Civil Service Law § 52 [2], [3]) — consequences that could hardly have been intended by the amendment that was made to section 80 of the Civil Service Law (see, e.g., People v Epton, 19 NY2d 496; Wiggins v Town of Somers, 4 NY2d 215).
In that the Civil Service Commission’s construction of the statute in Higdon v New York City Civ. Serv. Commn. (125 AD2d 1010) was not necessary to the determination of that case, defendants are not precluded from litigating that issue in this action (see, Ryan v New York Tel. Co., 62 NY2d 494, 500-501).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.