■ JOHN L. ARADI et al., Appellants, v CITY OF NEW YORK,

Respondent.—

In this action by tenured New York City police officers seeking back pay during a period in which they were laid off by the city in response to its 1975 fiscal crisis, the record raises no triable issues of fact *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). The city, pursuant to statute, properly ordered the layoffs "in the inverse order of original appointment" (Civil Service Law § 80 [1]). In breaking the tie in seniority amongst approximately 400 officers appointed on the same day, the city was correct in ordering layoffs of the officers pursuant to eligible list rankings. *(See, Matter of Brayer v Lapple,* 80 Misc 2d 159, *revd on other grounds* 52 AD2d 1034, *affd after remand* 58 AD2d 1020, *affd* 44 NY2d 741.)* Moreover, the city, upon being faced with a situation of competing eligible lists from which appointments were made simultaneously, rationally and reasonably employed additional tie-breaking criteria, to wit: "date of list establishment" and "date of test administration". Plaintiffs have made no showing that the tie-breaking procedures adopted by the city were either unreasonable or arbitrary.

Plaintiffs' constitutional argument that their layoffs from their permanent positions as civil service employees amounted to "takings" of personal property without just compensation is without merit. Plaintiffs have failed to establish that a law of New York State entitles them to compensation during a period in which they have been laid off from their civil service positions *(see generally, Bishop v Wood,* 426 US 341, 344; *Board of Regents v Roth,* 408 US 564, 577). Indeed, NY Constitution, article VIII, § 1 prohibits municipalities from making gifts of public funds to individuals *(see, Matter of City of Mount Vernon v State of N. Y. Bd. of Equalization & Assessment,* 92 AD2d 985, *lv denied* 59 NY2d 606).

Additionally, the court properly found that six of the plaintiffs who possessed the requisite seniority, yet were laid off for failure to notify the city of the same pursuant to posted procedure, should be equitably estopped from seeking back pay. The city relied to its detriment on plaintiffs' silence when it paid six other officers who otherwise would have been laid off in those plaintiffs' stead *(see, Rose v Spa Realty Assocs.,* 60

AD2d 937, 938). *[See,* 139 Misc 2d 148.] Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.