[609 NYS2d 403]

Civil Service Employees Association, Inc., Local 1000, AFSCME AFL-CIO, Respondent, v New York State Office of Mental Health et al., Appellants.

Third Department, March 24, 1994

## APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Lew A. Millenbach* and *Peter H. Schiff* of counsel), for appellants.

*Nancy E. Hoffman,* Albany *(Pamela Bruce* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

The genesis of this lawsuit, which seeks both declaratory and injunctive relief, is found in an April 10, 1991 memorandum issued by defendant Office of Mental Health (hereinafter OMH) containing policies and guidelines concerning reductions in its work force, i.e., employee layoffs. Although the scope of the memorandum is broad, plaintiff, the exclusive bargaining agent for approximately 130,000 State employees, including employees of OMH, has focused upon the policies and guidelines contained therein to be utilized to determine which employee will be laid off when the seniority of two or more employees is the same. The guidelines provide, in pertinent part, as follows:

"There is no set order of suspension in the Civil Service Law for temporary and provisional employees and the Office of Mental Health has determined that there are legitimate alternatives to the use of initial state employment date. These alternatives include affirmative action considerations, job performance, programmatic need and minimizing the disruption to patients, programs and staff. Each Facility Director is responsible for deciding how the displacement of non-perms should occur at their facility with consideration for these factors or other factors appropriate to the specific displacement. * * *

"The above criteria should also be applied to a situation where there is a tie among permanent employees with the same seniority date.

"Should the above factors not break the tie, use the third letter of the last name (A is the most senior, Z is the least senior)."

The amended complaint alleges that the quoted portion of the guidelines violates certain provisions of NY Constitution, article V, § 6 and Civil Service Law §§ 80 and 80-a in that criteria are established for breaking ties in layoff situations where employees have equal seniority which do not relate to

seniority or merit and fitness.* Plaintiff further contends that OMH abused its discretion in promulgating factors unrelated to seniority, merit or fitness, and that it also denied its members equal protection under both the State and Federal Constitutions by creating an improper affirmative action program.

After service of the amended answer, plaintiff moved for summary judgment. Defendants opposed the motion and cross-moved for summary judgment. Supreme Court first upheld plaintiff's standing, which defendants initially contested but now concede was correctly decided. The court then granted plaintiff's motion, holding that some or all of the criteria in the policy and guidelines are not objective, related to seniority or rationally related to the ability of the jobholder, and that they are therefore violative of Civil Service Law §§ 80 and 80-a. The intent of these statutes requires that a reduction in the work force be implemented on the basis of seniority, merit and fitness and, therefore, the policies and guidelines constitute an abuse of discretion in contravention of the intent of the Legislature. Finding the guidelines to have the same effect as rules and regulations, and to be out of harmony with the Civil Service Law, Supreme Court granted a declaratory judgment in plaintiff's favor and included the injunctive relief sought pursuant to CPLR 3001. It also found the guidelines to be in violation of the State Constitution. This appeal by defendants ensued.

We affirm. Defendants acknowledge that merit and fitness comprise the necessary basis for decisions involving the use and deployment of the State's work force *(see, Matter of Montero v Lum,* 68 NY2d 253, 258), but contend that when there is a tie in seniority the use of additional criteria in formulating a reduction in the work force is not prohibited. We would not disagree had defendants required that objective, nondiscriminatory efforts be used to break ties which are based upon merit and fitness *(see, Aradi v City of New York,* 158 AD2d 409, *affg* 139 Misc 2d 148; *see also, Matter of Brayer v Lapple,* 80 Misc 2d 159, 161, *revd on other grounds* 52 AD2d 1034). However, OMH's policy specifically permits consideration of subjective and arbitrary factors unrelated to merit or fitness to break seniority ties *(see, Matter of Montero v Lum, supra,* at 258). Accordingly, because OMH's tie-breaking policy

---

* Defendants concede that the challenged guidelines apply to both permanent and nonpermanent employees.

is in conflict with the constitutional and statutory scheme of merit and fitness in public service *(see, McKechnie v Ortiz,* 72 NY2d 969, 971-972), Supreme Court did not err by prohibiting use of the guidelines *(see, Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480-481).

CARDONA, P. J., MERCURE, WHITE and CASEY, JJ., concur.

Ordered that the judgment is affirmed, with costs.