■ LEHIGH PORTLAND CEMENT COMPANY, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [619 NYS2d 850] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Hughes, J.), entered February 25, 1994 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff petitioned defendant for beneficial use determinations (hereinafter BUDs) (see, 6 NYCRR former 360-1.2 [a] [5]) so that it could use waste products of other industries without being subjected to solid waste regulations. In order to expedite the administrative process and have its petitions favorably determined, plaintiff sought to have the process considered as an application for a permit (see, ECL art 70; 6 NYCRR part 621). Seeking to have its "permit" deemed approved (see, ECL 70-0109 [3] [b]; 6 NYCRR part 621), it sent a five-day demand letter pursuant to 6 NYCRR 621.9 (b). Defendant took the position by letter to plaintiff that BUDs were jurisdictional determinations and not approvals within the definition of permits (see, ECL 70-0105 [4]; 6 NYCRR 621.1 [n]). Plaintiff commenced this action for a declaratory judgment to declare that BUDs were permits and that its BUD petitions be deemed approved as defendant failed to timely grant or deny the applications. Supreme Court denied plaintiff's motion for summary judgment and sua sponte dismissed the action, in its discretion, because plaintiff had failed to seek an administrative declaratory ruling (see, State Administrative Procedure Act § 204; 6 NYCRR part 619). Plaintiff appeals.

Contending that the determination of whether a BUD is a permit is ripe for judicial resolution, plaintiff argues that Supreme Court abused its discretion in dismissing the action. Plaintiff further contends that because the commencement of

an administrative declaratory proceeding is discretionary and because defendant had already stated its position on this issue, an administrative declaratory ruling would be futile. Accordingly, plaintiff argues that Supreme Court should have ruled on the merits and granted its motion for summary judgment. We disagree.

Contrary to plaintiff's argument, the letters received by plaintiff in response to its five-day demand letters cannot be reasonably compared to a formal administrative declaration issued and filed by defendant's general counsel pursuant to 6 NYCRR part 619. As no previous administrative declaration on the topic had been rendered, the procedure cannot be deemed futile. Moreover, the 6 NYCRR part 619 procedures are both comprehensive and expeditious, and should sharply define and definitively resolve plaintiff's issue.

The exhaustion of a plaintiff's administrative remedies is not mandated prior to Supreme Court rendering a declaratory judgment *(see, Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 148, *cert denied* 464 US 993; *see also, Matter of Herberg v Perales,* 180 AD2d 166, 169; *McKechnie v Ortiz,* 132 AD2d 472, *affd* 72 NY2d 969). However, this case involves an interpretation of defendant's own regulatory procedures and the specialized nature of its BUDs *(see, Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, *lv denied* 70 NY2d 616; *see also, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376). As an adequate remedy for plaintiff exists through administrative procedures, we find no abuse of discretion in Supreme Court declining to entertain the declaratory judgment action *(see, New York Inst. for Educ. of Blind v United Fedn. of Teachers' Comm. for N. Y. Inst. for Educ. of Blind,* 83 AD2d 390, 403, *affd* 57 NY2d 982).

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs. *[See,* 161 Misc 2d 652.]