■ Solow Building Company, LLC, et al., Appellants-Respondents, v Morgan Guaranty Trust Company of New York, Respondent-Appellant. [754 NYS2d 8] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered March 15, 2002, dismissing the complaint and counterclaims after a nonjury trial, unanimously affirmed, without costs.

A fair interpretation of the evidence supports the trial court's finding that the 20-week period that defendant lessee gave itself to perform its restoration obligations under the lease would have been sufficient but for the time lost because of plaintiff landlord's unreasonable delay in approving defendant's demolition plans, obstructive conduct with respect to defendant's use of freight elevators and hoists and unreasonable refusal to shut down the fire sprinkler system. Such conduct excused defendant's performance of its obligation to complete the restoration (see Chemical Bank v Stahl, 272 AD2d 1, 14). Plaintiff's claim that it cannot be charged for any delay in approving defendant's demolition plans because defendant admittedly failed to pursue the arbitral remedy provided in the lease for unreasonably delayed consents is improperly raised for the first time on appeal (see Devlin v 645 First Ave. Manhattan Co., 233 AD2d 183, 184), and we decline to consider it. The trial court also properly dismissed defendant's counterclaims seeking reimbursement of the cost of restoring partitions to their 1973 locations. Over the years, plaintiff approved various alterations on condition that defendant agree to restore. If defendant believed such condition to be unreasonable with respect to a particular alteration, it should have challenged the

condition at the time it was imposed (*see Rose v Spa Realty Assoc.*, 60 AD2d 937, 938). Nor does it avail defendant that restoration of the original partitions added no value to the premises (*see Farrell Lines v City of New York*, 30 NY2d 76, 84-85). We have considered the parties' other arguments, including defendant's argument that its belated demand for reimbursement of certain asbestos abatement costs should have been granted, and find them unavailing. Concur—Tom, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.